Maurice UNDERWOOD, Respondent,

v.

Iona UNDERWOOD, Appellant.

No. 55183.

Supreme Court of Missouri,
Division No. 1.

March 8, 1971.

John M. Belisle and Morran D. Harris, Osceola, for respondent.

Julius F. Wall, Poague, Brock & Wall, Clinton, for appellant.

HIGGINS, Commissioner.

Appeal from judgment overruling and dismissing defendant's Petition for Review to vacate and set aside default judgment in action to quiet title to real estate.

On April 11, 1968, plaintiff filed an action to quiet title and for specific performance alleging: that prior to July 22, 1957, plaintiff and his sister, the defendant, were tenants in common in certain described real estate in St. Clair County, Missouri; that on or about that date defendant made known to plaintiff her desire to divide their real estate and threatened to sue in partition; that by agreement they made a division between themselves but defendant never deeded that portion agreed to by plaintiff's part to him; that plaintiff had been in possession of the portion so agreed to be his for more than ten years prior to bringing his action.

On April 23, 1968, summons was returned showing service on defendant by the Sheriff of Jackson County, Missouri, on April 18, 1968. On July 15, 1968, the cause came on for trial and, after evidence was offered in support of the petition, the court found: that personal service on defendant was obtained more than thirty days prior to trial and that defendant had filed no answer; that the court had jurisdiction of the parties and subject matter; that the plaintiff was the owner in fact of the described real estate; that plaintiff had ten years' adverse possession of the land; and that division of the same had been agreed between the parties. Pursuant to the evidence and such findings, the

court quieted title to the described land in plaintiff free and clear of all claims and interest of defendant.

On July 18, 1968, a copy of the judgment was mailed to defendant and, on December 7, 1968, she filed an answer admitting the tenancy in common but denying all other allegations of plaintiff's petition to quiet title and for specific performance. At the same time defendant filed her Petition for Review, alleging: that on April 11, 1968, Maurice Underwood filed his petition to quiet title and for specific performance; that on or about April 17, 1968, summons and petition were left with "Mr. and Mrs. Clay ————," not members of defendant's family or household; that on May 18, 1968, she conferred with plaintiff's attorney and he "promised he would let her know what they could do about settlement of the suit"; that she wrote to the attorney for information regarding trial setting or settlement and was never notified by him of anything but the decree, a copy of which she received July 22, 1968; that she relied on the advice of plaintiff's attorney that he would " 'let her know' what they would be able to do, did not employ counsel and was seriously prejudiced thereby"; that plaintiff's petition on which the judgment quieting title was entered is untrue "in that the same alleges said parties made a division of property," and that plaintiff and defendant are still tenants in common. The prayer was to vacate and set aside the judgment and to reinstate the cause for trial.

Plaintiff answered the Petition for Review by admitting the allegation of his own action to quiet title and denying all other allegations.

The Petition for Review came on for trial September 5, 1969. In support of her petition, defendant offered, in addition to her own testimony, the testimony of Berniece Cushwa. Mrs. Cushwa lived at 809 North Main, Independence, Missouri. She was the owner of a three-apartment house at 437 Benton Boulevard, Kansas City, Missouri, and Ione Underwood had been her tenant for eight years. On April 17, 1968, Mrs. Cushwa and her husband were painting and cleaning in the apartment building, and a deputy sheriff came and left a "paper" for Miss Underwood with them. "We left it in the apartment on the mantel. * * * I called her that evening" and notified her that the papers were there. She had the apartment rented but had not moved into it. "She moved in the 1st of May."

Miss Underwood stated that the allegation of agreed division of property in the quiet title petition was untrue, and she declared herself the owner of an undivided one-half interest in the subject property. She got the petition in the quiet title action on April 18, 1968. It was "laying on the mantel." She denied seeing any officer and stated that Mr. and Mrs. Cushwa were of no relation to her. She took the petition to Mr. Jack Gant, a lawyer in Kansas City, Missouri. He was going to take care of it "and later he returned it to me and said I had time to come down here [Osceola] and see what I could do." On May 18, 1968, she talked to plaintiff's attorney, Mr. John M. Belisle. "I asked him what they were going to do. * * * I told him if my brother wanted to sell the place, I would buy him out, * * *. I told him they [the facts] were untrue. * * * I understood he would let me know when it came up with the Court action. * * * he would let me know. * * * he didn't know whether to go ahead with it or not, but he would let me know what they did." She wrote twice to Mr. Belisle and heard from him only when the decree was sent to her. She received no notice of trial setting. On cross-examination she again stated that her "own attorney" sent her to see Mr. Belisle, and she admitted that Mr. Belisle told her he could not advise her and that she should get her own attorney. When she got the copy of the decree she went to Mr. Gant and "he wanted me to get another attorney. * * * I went to Edgar Shook. * * * Then I got Mr. Wall."

Plaintiff's evidence in rebuttal of defendant's Petition for Review came from Mr. Belisle. "Miss Underwood came to my office a few days after * * * [quiet title] suit had been filed and she had in her hand this petition and summons which had been served on her, * * *. It was long before the 30 days answering date was up, and she told me, said, 'This isn't true; this petition isn't true.' And I said, 'Miss Underwood, I can't discuss this case with you. I represent your brother. You will have to take your petition to another attorney and get him to file an answer for you. Whether or not it is true is a matter for the Court to determine, not for me to determine,' and she left the office, * * *." She never did complain that the petition and summons had not been served on her. At no time did he tell her he would let her know when he would take up the case. "I told her there was an answering time and to take that petition and summons to her attorney to file an answer if she felt like this petition wasn't true. * * * prior to the filing of this [quiet title] suit * * * Mr. Underwood, the brother, brought a letter to my office * * * which was from an attorney in Kansas City, * * * threatening to bring a partition suit on this same land." On cross-examination Mr. Belisle denied discussion of sale with Miss Underwood, and admitted he gave her no notice of trial setting and that the case was "taken up on a default day."

Also available to the court in resolution of the issues raised by the Petition for Review was the sheriff's return of service of summons on defendant in the quiet title suit by which Mr. Herman A. Ochs, Deputy Sheriff of Jackson County, Missouri, certified that on April 18, 1968, "a copy of the summons and a copy of the petition to the within-named defendant, Iona G. Underwood" was served upon her personally. The summons was: "You are hereby summoned to appear before the above-named court [St. Clair County Circuit Court] and to file your pleading to the petition copy of which is attached hereto, and to serve a copy of your pleading upon John M. Belisle, attorney for plaintiff, whose address is Osceola, Missouri, all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in petition."

Appellant contends that her Petition for Review should not have been dismissed because her evidence established that the conduct of the plaintiff misled and tricked the defendant out of her right to present her defense in court. Respondent counters by asserting that the court did not err in dismissing the Petition for Review "because Defendant was personally served with summons and was in default when judgment was entered, [and the] evidence failed to establish that the conduct of the Plaintiff misled and tricked the Defendant out of her right to present her defense * * *."

In asserting her contention, appellant concedes that the content of her Petition for Review was averred according to Civil Rule 74.15, V.A.M.R., and that it was filed pursuant to Civil Rule 74.12, V.A.M.R., providing that an "interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall neither have been summoned personally nor have appeared to the suit, * * * such final judgment may be set aside, if the defendant shall, within [limitations] appear, and, by petition for review, show good cause for setting aside such judgment." See also Sections 511.200, 511.170, V.A.M.S.

■ Although denying that she was "personally" served, there is no question that the sheriff's return of personal service of a copy of the petition and summons on her was regular on its face; and a petition for review will not lie where such service has been accomplished. Accordingly, the court properly overruled and dismissed defendant's petition in so far as it was a petition for review under the statute. Zbryk

v. B. F. Goodrich Co., Mo.App., 344 S.W. 2d 138, 140[1]. If the return were in fact false, defendant's remedy would be an action against the sheriff on his bond. Anthony v. Downs Amusement Co., 239 Mo. App. 1136, 205 S.W.2d 925, 929[5].

■ Defendant's contention indicates that she also views her petition as a suit in equity to set aside a judgment allegedly procured by fraud, in which case the burden would be on defendant to prove her allegations by clear, cogent, and convincing evidence. Jones v. Arnold, 359 Mo. 161, 221 S.W.2d 187, 191[1].

Taken literally, it is doubtful that defendant's own evidence is sufficient to show fraud by way of trickery on the part of plaintiff's attorney; and plaintiff's evidence on such allegations is sufficient to show an absence of fraud in any of the respects claimed by defendant. Consequently, there was a conflict in the testimony on the issue of fraud which the trial court resolved; and appellant has not demonstrated any reason why this court should not defer to the findings made by the trial court in its superior position in which to judge the credibility of the witnesses. Whitlock v. Whitlock, Mo.App., 395 S.W. 2d 468, 472[9, 10]; McMahon v. May Dept. Stores Co., Mo., 374 S.W.2d 82, 87–88[2–4]. See also Zbryk v. B. F. Goodrich Co., supra, 344 S.W.2d l.c. 140, discussing and denying application of appellant's citation of Jones v. Arnold, 359 Mo. 161, 221 S. W.2d 187, supra, on this issue.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.