HUMAN DEVELOPMENT CORPORATION OF METROPOLITAN ST. LOUIS, a corporation, Plaintiff-Appellant,

v.

Mary J. WEFEL et al., Defendants-Respondents.

No. 36216.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 2, 1975.

**654**

Louis Gilden, St. Louis, for plaintiff-appellant.

Thomas W. Wehrle, County Counselor, Don R. Williams, Associate County Counselor, Lashly, Caruthers, Thies, Rava & Hamel, Richard D. Schreiber, John Fox Arnold, Jack B. Schiff and William C. Wefel, Clayton, for defendants and respondents.

DOWD, Judge.

Plaintiff appeals from the dismissal of its petition to set aside a default judgment previously entered against it. We affirm the trial court's action.

Prior to the present action, defendant Wefel and her attorney, defendant Schiff, filed a petition for damages against appellant in the Magistrate Court of St. Louis County. The action was brought to recover $1528.00 claimed to be wages due to Wefel and $1500.00 damages claimed for the alleged improper termination of Wefel's employment. Sheriff Hoeh's[1] deputy served the summons at appellant's branch office in St. Louis County rather than at appellant's main office in the City of St. Louis. The return of service is proper on its face. The summons is marked as delivered to "Jane Doe of said corporation. (S)he being in charge of the office of said Corporation." An employee of the branch office sent a letter, dated March 1, 1974, to the Sheriff's Office, which was forwarded to the Magistrate Court, in which the employee claimed that *her office* would not accept the summons since the office did not hire or fire employees. The employee wrote that the summons should be presented to appellant's main office in the city.

Trial was set for March 22, 1974 before the Magistrate Judge, defendant Seegers. A default judgment was entered after appellant failed to appear. No proof was offered by Wefel in support of her claims before judgment was entered, and Wefel sought execution on the judgment after the 10-day period for appeal had elapsed.

Appellant then brought its petition to set aside the default judgment and to enjoin execution of the judgment. The petition was brought on the ground that equity would grant relief against a default judgment procured by fraud. The petition alleged that appellant had a meritorious defense to the prior action as represented by the appended exhibit containing the Summons, Judgment, Execution, and notarized statement of appellant's general manager that he had received no notice of the suit and that Wefel had quit work of her own volition and was entitled to no further wages.

The trial court denied the injunction against execution and sustained a motion to dismiss appellant's petition for failure to state a cause of action.

Equity has jurisdiction to set aside a default judgment on the grounds of extrinsic fraud, accident, or mistake. *Hamm v. Hamm,* 437 S.W.2d 449, 453 (Mo.App. 1969). To succeed in setting aside the judgment, the defaulting party must prove that he exercised reasonable diligence or has a good excuse for the default, that he has a meritorious defense to the main action, and that the other party will not be substantially harmed by the delay of a new trial. *Gorzel v. Orlamander,* 352 S.W.2d 675, 678 (Mo.1961); *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114, 116 (Mo.1955). The decision to grant or deny the motion to set

1. Sheriff Hoeh was also a named defendant.

aside the default judgment is left to the discretion of the trial court. While there is a policy in favor of trial on the merits when possible, the trial court's decision will be disturbed only for an abuse of discretion. *Gorzel v. Orlamander, supra; Whitledge v. Anderson Air Activities, supra*. The failure to set aside a default judgment is an abuse of discretion only if it clearly appears that the defaulting party has a good excuse for the default and a meritorious defense. *Dodge v. Safe-Guard Sales, Inc.,* 356 S.W.2d 101, 102 (Mo.App.1961).

Appellant asserts that it was fraudulently denied knowledge of the suit and claims that its default is therefore excused. Appellant charges that the service of process upon its branch office rather than upon its main office in the city and the delay before execution on the judgment until after the time for appeal had elapsed prevented appellant from raising its defense. Appellant also charges that the entry of the default judgment without hearing Wefel's proof on her claims was fraud upon appellant.

■ Extrinsic fraud is required in order to set aside a default judgment on the basis of fraud. The fraud must relate to the manner in which the judgment was procured. Fraud in matters pertaining to the judgment itself is intrinsic fraud and is not a proper basis for setting aside a default judgment. *Reis v. La Presto,* 324 S.W.2d 648, 653–654 (Mo.1959); *Head v. Ken Bender Buick Pontiac, Inc.,* 452 S.W.2d 596, 598 (Mo.App.1970). "The fraud that vitiates a judgment is a fraud which goes to its procurement, not fraud relating to the merits of the action." *Head v. Ken Bender Buick Pontiac, Inc., supra,* 598. The magistrate court's entry of default judgment before hearing proof of the petition's allegations in contravention of Section 517.460 (RSMo 1969) and before hearing proof of the amount of damages claimed in contravention of *Thomas v. Commercial Credit Corp.,* 335 S.W.2d 703, 706 (Mo.App.1960), is, at best, intrinsic fraud. Judgment upon insufficient evidence is intrinsic fraud, *Head v. Ken Bender Buick Pontiac, Inc.,*

*supra,* and this court has refused to set aside a default judgment when the defaulting party charged that judgment had been entered without first hearing evidence. *Mesker v. Cornwell,* 145 Mo.App. 646, 123 S.W. 488, 489–490 (1909).

■ Appellant's charge that he was denied notice of the suit is of a different nature. If the particular circumstances create a duty to disclose some material matter, concealment of that matter amounts to fraud in the procurement of the judgment if it prevents a defense from being raised. *Jones v. Arnold,* 359 Mo. 161, 221 S.W.2d 187, 193–194 (1949). If the respondents owed a duty to appellant to notify it of the pendency of the suit after process had been served or if the respondents owed a duty to appellant to notify it of the default judgment before execution, then appellant has stated a cause of action to have the default judgment set aside. We do not believe that such duties were owed to appellant in this case.

■ Service of process was properly had upon appellant's branch office. Section 517.110(4) (RSMo 1969) provides that a corporation having an office or doing business within this state may be served by delivering a copy of the summons to any agent of such corporation in charge of any office or place of business. Appellant, who has the burden of proving that the service was fraudulent by clear, cogent, and convincing evidence, (*Underwood v. Underwood,* 463 S.W.2d 915, 917–918 (Mo.1971)) has not alleged that the recipient of the summons in this case was not its agent. In addition, appellant has not suggested that the return of service in this case was not regular on its face.

■ Under facts similar to this case, the court affirmed the dismissal of a petition to set aside a default judgment. *Underwood v. Underwood, supra.* In that case, the defaulting party claimed that she had not been "personally" served since the summons had been left with another who

had not notified the defendant of the suit. The court held that the defaulting party had failed to sustain her burden to prove fraud on the basis of service because the return of process was regular on its face. Two situations exist in which a plaintiff is required to notify a defendant of a trial by means additional to service of process. The plaintiff has a duty to inform the defendant of the date set for trial after service when the plaintiff has assumed that duty by representations to the defendant. *Kollmeyer v. Willis*, 408 S.W.2d 370, 382 (Mo.App. 1966). Appellant does not allege that respondents have made such representations. The courts have also found such a duty when the plaintiff has chosen to serve the defendant by publication. *Jones v. Arnold*, 359 Mo. 161, 221 S.W.2d 187 (1949); *Fadler v. Gabbert*, 333 Mo. 851, 63 S.W.2d 121 (1933). In both the *Jones* and *Fadler* cases, the court noted that service by publication was legally sufficient but set aside the judgment on the ground that the plaintiff had designed service with the intention of preventing the defendant from learning of the suit. No distinctions are to be drawn between service by publication and personal service in actions to set aside a judgment, *Brasker v. Cirese*, 269 S.W.2d 62, 67 (Mo. banc 1954). A defendant personally served has less excuse to cry fraud than one who has no actual notice. *Fadler v. Gabbert, supra*, 131. We are unable to discern facts alleged which prove respondent intended to deprive appellant of knowledge of the suit by personal service upon appellant's branch office.

The court also believes that respondents did not owe a duty to inform appellant of the default judgment prior to execution. There is no requirement that a defaulting party be notified of the judgment. *Crowley v. Behle*, 131 S.W.2d 383, 386 (Mo.App. 1939).

The facts alleged by the petition suggest that mistake rather than fraud should be the basis upon which appellant should bring his petition to set aside the default judgment. While the appellant has not pleaded mistake, the sufficiency of the petition is determined from the facts pleaded, not what the pleader calls the facts. *Aetna Casualty & Surety Co. v. Lindell Trust Co.*, 348 S.W.2d 558, 563 (Mo.App. 1961). A default judgment has been set aside on the ground of mistake when substitute service was had upon defendant's wife who failed to tell her husband of the summons. *Cherry v. Wertheim*, 25 S.W.2d 118, 120–121 (Mo.App.1930). A default judgment may be set aside for mistake, but neglect chargeable against the defaulting party cuts off the grounds of mistake. *Hamm v. Hamm, supra*, at 453–454; *Distefano v. Kansas City Southern Ry. Co.*, 501 S.W.2d 551, 552–553 (Mo.App.1973). We are unable to set aside this judgment on the basis of mistake because appellant's misunderstanding resulted in large part, from its own inattention or neglect. If appellant lacked knowledge of the suit against it, this ignorance was caused by the failure of the branch office to notify the main office of the service of process. Since appellant has not alleged that the branch office was not appellant's agent, the office's neglect is chargeable to appellant, and appellant has failed to sustain the burden of proving that it is not chargeable with neglect.

Since the appellant's petition does not allege facts indicating clear and convincing evidence of a good excuse for appellant's default, we are unable to find the trial court's dismissal of plaintiff's petition an abuse of discretion and therefore affirm its decision.

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.