Joyce Ann SCARLETT, Respondent,

v.

Linda C. BONAGURIO and Steve Bonagurio; Mary Ann Scarlett; Laura Kay Scarlett, By and Through Henry Copeland, Guardian Ad Litem and Next Friend, Respondents,

and

Marion Oswald, Appellant.

No. WD 30999.

Missouri Court of Appeals, Western District.

June 9, 1980.

Hugh Kranitz, St. Joseph, for appellant; Kranitz & Kranitz, St. Joseph, of counsel.

Dan Hale, St. Joseph, for respondent; Strop, Roberts & Hale, St. Joseph, of counsel.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

PRITCHARD, Judge.

Appellant suffered a default judgment to be entered against him, which judgment evicted him [as tenant] from certain farm property in Atchison County, Missouri. Appellant's motion to set aside the default judgment alleged that it was entered May 3, 1979, and "II That he had been in contact with an attorney who informed him that it was not necessary for him to be present in court on that day and that the real issue was between the other defendants and not himself. III That he has a good and meritorious defense to the cause of action, the petition for eviction, in that he has a written lease from the other defendants allowing him the possession of the property in question."

Count I of the underlying petition is in partition whereby plaintiff, Joyce A. Scarlett, alleges she owns one-half of the property, and her three daughters, Linda C. Bonagurio, Mary Ann Scarlett and Laura K. Scarlett, each own one-sixth thereof. On November 2, 1978, appellant entered a written lease of the property with Linda Bonagurio, Laura Scarlett and Mary Ann Scarlett, expiring on March 1, 1982. Joyce A. Scarlett was not a party to this lease, although according to the pleadings, she was then a tenant in common with her three daughters.

The resolution of this appeal turns upon whether appellant had a good excuse for not responding to the summons and a copy of the petition admittedly served upon him by the sheriff when he went to the sheriff's office and picked them up on February 15, 1979. On the last day of February, 1979, appellant had not removed himself from the real estate. After this action was filed, within a week thereafter, appellant talked with lawyer, J. M. Gerlash, but was not in contact with any lawyer after the motion for summary judgment was filed. Gerlash

told appellant: "A He said if the girls win, you win. If the girls lose, you lose. He said there was no need for me to have a lawyer. It's just that simple." And, "Q Are you telling this court that Mr. John Gerlash there advised you that you did not need to file any responsive pleadings in this case and you did not need to be present in court at any of the times you had had notice? A That's right. Q Mr. John Gerlash advised you of that? A He told me I didn't need a lawyer just like I said a while ago is what he advised me of, and also he made the contract up for the girls and I." Appellant acknowledged notice that the motion for summary judgment to evict him from the premises would be taken up by the trial court on May 3, 1979, and testified, "The reason I wasn't here like I said I was told that I would not need to be here, it was all up to the girls' case and what pertained to me, and the girls called me and said that their lawyers were unable to attend—." [Objection on what the girls told him on the ground of hearsay, sustained.]

Appellant must show that his neglect in failing to respond to the petition and summons served upon him was excusable. All that he presented was that he consulted an attorney who told him that it was unnecessary for him to appear in court, that the matter would be resolved in the partition action. Any negligence of counsel in advising appellant is imputable to him insofar as it bears upon the right to have a default judgment set aside. See *Whitledge v. Anderson Air Activities, Inc.*, 276 S.W.2d 114, 116 (Mo.1955), discussing that proposition, but in which case no negligence of counsel was found; *Citizens Bank of University City v. Gehl*, 567 S.W.2d 423, 425 (Mo.App. 1978); *Williams Energy Co. v. Tracy Truck Leasing, Inc.*, 562 S.W.2d 765 (Mo.App. 1978); *Hamm v. Hamm*, 437 S.W.2d 449, 454[10, 11] (Mo.App.1969); and see the remarkably similar case of *Vastine v. Bast*, 41 Mo. 493, 496 (Mo.1867), where plaintiff in his petition alleged that he was fraudulently induced to come to Missouri from Illinois, his residence, and process and garnishment was served on him, but he thereafter re-

turned to Chicago where he consulted a lawyer. The lawyer advised him that if he was not indebted to Hillyer (the judgment debtor in garnishment), and had no property of his in his custody or under his control, it was unnecessary to do anything further in the premises. Plaintiff consequently gave no further consideration to the matter. The court said, "The plaintiff had personal service and it was his duty to appear and make his defence. That he did not do so is attributable to his own negligence; that he was misinformed by his legal adviser in Chicago is his misfortune."

Appellant has failed to show himself free of negligence in failing to respond to the petition and to appear for trial. It is, therefore, unnecessary to consider whether he had a meritorious defense to Count II of the petition.

The judgment is affirmed.

All concur.