Joyce HAMMONS, Plaintiff-Respondent,

v.

Georgia HAMMONS and James Hammons, Defendants-Appellants.

Nos. 48037, 48938.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 30, 1984.

Mark Belz, Clayton, for defendants-appellants.

Richard Bumb, St. Louis, for plaintiff-respondent.

GAERTNER, Judge.

Defendants Georgia Hammons and James Hammons appeal from the denial of their motion to set aside a default judgment entered by the trial court pursuant to an order imposing sanctions for failure to comply with the trial court's discovery orders. The judgment is reversed and remanded.

Defendants first contend that the trial court erred in refusing to set aside its order, which imposed discovery sanctions, and the subsequent default judgment because defendants received no notice pursuant to Rule 74.78.

Plaintiff brought the present action against defendants for replevin and damages for unlawful detention of an automobile. Plaintiff alleged she was the widow of Charles Ray Hammons, who was the owner of the automobile in question, and that such status entitled her to possession of the automobile. Defendants answered by asserting that the decedent had given them the automobile and that they had made substantial payments on a loan secured by the automobile. Defendants also counterclaimed for replevin of certain items which decedent had given them and which plaintiff possessed.

On March 25, 1983, the trial court gave the parties notice that if defendants failed to appear for their depositions, sanctions would be imposed against them, including the striking of their pleadings. Defendants appeared at the law offices of plaintiff's attorney on the required day, April 15, 1983, but plaintiff did not take their depositions. Instead, plaintiff's attorney and the court reporter became embroiled in a dispute with defendants over the seemingly trivial matter of whether defendants, who represented themselves, would be allowed to tape record the deposition proceedings. In addition, defendants insisted upon taking a photograph of the court reporter. The deposition was cancelled upon plaintiff's attorney's threat to call the police.

Plaintiff's attorney, ex parte, reported the deposition proceedings to the trial court and on May 24, 1983, the court entered a "memorandum" which struck defendants' pleadings and dismissed their counterclaim with prejudice. Subsequently, on application of plaintiff's attorney and without notice to defendants, the trial court granted default judgment in favor of plaintiff and against defendant on June 16, 1983, for $2,500.00 and, at defendants' option, return of the automobile or $4,500.00. Defendants first learned of the judgment when James Hammons' employer was served with a garnishment upon his wages.

Defendants contend that the trial court erred in not setting aside the May 24, 1983 memorandum or the June 16, 1983 judgment because no notice of the two trial court actions was given. Rule 74.78 provides:

Upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided in Rule 43.01 upon every party affected thereby who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, said order or judgment shall be set aside for good cause shown upon written motion filed within 6 months from the entry of the order or judgment.

Defendants were not in default for failure to appear or be present in court in person or by attorney. Thus, the clerk of the circuit court was obligated to mail them notice of the entry of the memorandum, which is really an order imposing sanctions for failure to comply with discovery orders, and of the default judgment. Because the

required notice was not given, the trial court was obligated to set aside its orders for good cause shown upon the written motion to set aside, which was filed within the required six months.

Plaintiff argues that no good cause exists to set aside the default judgment because defendants have shown disrespect for the court and have been dilatory. In addition, plaintiff asserts that no prejudice may be found because all defendants' post-trial motions were considered by the trial court. *Cf. Traders Bank of Kansas City v. Cherokee Inv. Co., Inc.,* 642 S.W.2d 122, 123 (Mo.App.1982); Rule 74.30(14).

▐ Contrary to plaintiff's assertion, defendants were prejudiced by the noncompliance with Rule 74.78 because they have been subjected to execution and garnishment and they have lost their right to direct appeal due to the lack of notice. A trial court may not ignore Rule 74.78 and rely on successful litigants to give notice to their opponents. To do so would subvert the purpose of the Rule. A winning party, such as plaintiff here, has no incentive to give notice of judgment within 40 days; it is in the successful litigant's best interest to wait until the time for direct appeal to expire so that the judgment becomes final with no direct appeal.

Defendants also contend that the trial court erred in not giving them prior notice or a hearing regarding the May 24, 1983 order or the June 16, 1983 default judgment. This contention appears as a point relied on for the first time in defendants' reply brief. Technically, this contention is not preserved for review. *See Page v. Metropolitan St. Louis Sewer District,* 377 S.W.2d 348, 354 (Mo.1964); *Vickery v. ACF Industries, Inc.,* 454 S.W.2d 620, 623[6, 7] (Mo.App.1970). Nevertheless, we address the contention because the case must already be remanded for the noncompliance with Rule 74.78 and because the errors asserted reach constitutional dimensions as a denial of due process.

▐ The trial court's March 25, 1983 order setting the date for depositions con-

tained the following sentence: "If both defendants fail to appear, Defendants' pleadings to be stricken and appropriate orders entered." Plaintiff contends that this order is self-effectuating and that upon defendants' bad faith appearance, the striking of the pleadings was a foregone conclusion. Defendants in fact appeared, although the inference may be drawn that they had no actual intention of being deposed. Nevertheless, they were in literal compliance with the order and therefore the purported self-enforcing nature of the order could not be automatically activated. Thus, the actual striking of defendants' pleadings and dismissal of their counterclaim could only result from a separate motion for sanctions and notice to all parties affected under Rule 61.01. We have combed the legal file and can find no motion for sanctions or notice to defendants upon which the May 24 memorandum can be predicated. The May 24 memorandum imposing sanctions is therefore invalid, as is the June 16 default judgment which is based upon the May 24 memorandum.

▐ A discovery order which purports to be self-enforcing will be strictly construed. The imposition of sanctions without notice must be approached with caution because there are frequently two sides of an event which is alleged to trigger the self-effectuating discovery sanctions. Therefore, unless the conduct which is to trigger the sanctions is specifically expressed in clear and unequivocal terms and unless the sanctions themselves are spelled out with specificity, a danger exists that the party or parties against whom the order is entered will not understand what conduct is required for compliance and will not be apprised of the consequences for noncompliance. In the present case, the conduct required for compliance—attendance of both defendants at the scheduled deposition—was spelled out, but the consequences of noncompliance—"appropriate orders"—were so vague as to be meaningless.

The judgment denying defendants' motion to set aside is reversed and the cause

remanded with directions to set aside the May 24, 1983 memorandum and the June 16, 1983 default judgment. Since the garnishment appealed from in consolidated Cause No. 48938 is predicated upon the vacated judgment, the Writ of Garnishment is quashed.

PUDLOWSKI, P.J., and KAROHL, J., concur.