Ronald L. **MASSA** and Jodi Massa, Appellants,

v.

Donald E. **ANDERSON**, d/b/a Anderson Building Company, Respondent.

No. 49357.

Missouri Court of Appeals, Eastern District, Division Three.

May 21, 1985.

---

David J. Massa, St. Louis, for appellants.

Floyd T. Norrick, Thurman, Smith, Howald, Weber & Bowles, Hillsboro, for respondent.

CRANDALL, Judge.

Appellants, Ronald and Jodi Massa, appeal from the dismissal of their suit in equity to set aside a default judgment rendered against them. We affirm.

The Massas were sued by Donald Anderson, a contractor who did work in building the Massas' home in Pacific, Missouri. Anderson sued for $75 left in a construction escrow account. Anderson apparently later amended his pleadings to claim over $3,000.

The Massas did not appear on the trial date, nor did any attorney appear on their behalf. On October 5, 1982, a default judgment was entered against the Massas in associate circuit court in the amount of $3,325 plus pre-judgment interest of $1,676.81. On October 7, 1983, the Massas filed this action in equity in the circuit court to set aside the default judgment. Anderson's motion to dismiss the suit for failure to state a claim was sustained.

Initially we consider respondent Anderson's contention that the issues on appeal are moot because the default judgment was voluntarily paid by the Massas. *See Kin-*

*ser v. Elkadi,* 654 S.W.2d 901, 903 (Mo. banc 1983). The record on appeal is insufficient to warrant consideration of respondent's claim, therefore, we consider the merits of this appeal. Our review must determine whether the Massas' petition stated a claim upon which relief could be granted.

Equity has jurisdiction to set aside a default judgment on the grounds of extrinsic fraud, accident or mistake. *Human Development Corp., etc. v. Wefel,* 527 S.W.2d 652, 656 (Mo.App.1975). Although a default judgment may be set aside for mistake, neglect chargeable against the defaulting party cuts off the grounds of mistake. *Id.*

The Massas pleaded that they were relying on counsel to protect their interests and to advise them when to appear in court. They allege counsel failed to fulfill his obligation. The Massas' petition in equity does not allege counsel abandoned their defense without notice. *Compare Schoenhoff v. Owens,* 564 S.W.2d 273, 275 (Mo.App.1978); *Murray v. Sanders,* 667 S.W.2d 426, 429 (Mo.App.1984). They merely allege he "advised them that the case was being continued and that it would not be necessary for them to appear until he so advised them." The petition alleges counsel failed to fulfill his duties in telling appellants when to appear in court. Counsel's negligence is imputable to appellants. *Scarlett v. Bonagurio,* 600 S.W.2d 673, 674 (Mo.App.1980). Appellants' first point is denied.

Appellants next claim the default judgment should be set aside because the court failed to give them notice of the judgment after its entry. Rule 74.78 requires notice to parties of entry of an order or judgment, but only to those not in default for failure to appear. Appellants being in default, were not entitled to notice. *Human Development Corp., etc. v. Wefel,* 527 S.W.2d at 656. Appellants' second point is denied.

The order of the trial court is affirmed.[1]

DOWD, P.J., and CRIST, J., concur.

---

**1.** Respondent's motion to dismiss the appeal and for damages pursuant to Rule 84.19 is overruled.