John and Mildred SUGRUE,
Plaintiffs-Respondents,

v.

George and Jacqueline JANSSEN,
Defendants-Appellants.

No. 50178.

Missouri Court of Appeals,
Eastern District,
Division One.

July 15, 1986.

Robert A. Wulff, St. Louis, for defendants-appellants.

Cathy Steele, St. Louis, for plaintiffs-respondents.

SMITH, Judge.

Defendants appeal from an order denying their motion to set aside a default judgment. That judgment, rendered on a petition for declaratory judgment, set aside a

quit claim deed executed by plaintiffs to defendants. We affirm.

■ Defendants' first contention is that the default should have been set aside because of the failure to join lienholders of the property as indispensable parties under Rule 52.04. These lienholders are not identified nor does any interest of theirs appear which would be adversely affected by the judgment. Their interest in the land is as security for a debt. The .plaintiffs and defendants originally were co-owners of the land and the quit-claim deed served to transfer sole ownership to defendants. The only liens referred to on the record were established by plaintiffs and/or defendants while co-owners. There is no indication that the judgment rendered would in any way affect the security interest of the lienholders. They were not indispensable parties. *Polette v. Williams,* 456 S.W.2d 328 (Mo.1970) [8].

■ Next defendants contend that the court should, in its discretion, have set aside the default because defendants were abandoned by their lawyer and therefore had a reasonable excuse for their default. Negligence of counsel is imputable to the client. *Massa v. Anderson,* 691 S.W.2d 496 (Mo.App.1985) [3]; *Scarlett v. Bonagurio,* 600 S.W.2d 673 (Mo.App.1980). Such negligence may not be imputable where counsel abandons the defense of a case without notice to the client, or when counsel withdraws from a case without informing his client of an imminent trial date. *L.J. Ross, Co. v. Vaughn,* 683 S.W.2d 643 (Mo.App. 1984) [8, 9]; *Schoenhoff v. Owens,* 564 S.W.2d 273 (Mo.App.1978) [1–5].

■ Defendants testified at the hearing to set aside the default. Upon receiving the suit papers, they employed a lawyer, Terry Jeep, to handle their defense. Sometime thereafter they received from plaintiffs' counsel a notice that the matter was set for a default hearing. They contacted their lawyer who advised he would take care of it. The default and inquiry order was set aside. Defendants then received a second notice of default hearing from plaintiffs' attorney. By this time they were having difficulty contacting Mr. Jeep, but upon reaching him they were again advised he would take care of it. They then received a copy of the default judgment rendered against them which the Court had ordered be sent to them. Counsel again advised that he would take care of it. Defendants testified that after the first notice of a default hearing they were "disappointed," after the second their confidence was shaken. By that time their lawyer was not cooperative and they felt he was trying to duck them. They did not, however, show up at the second default setting despite their doubts about their lawyer. After the default judgment was received, defendants began "looking around" but did not contact their present counsel for five months. Immediately thereafter the motion to set aside was filed. Mr. Jeep never entered an appearance in the case, although he did advise plaintiffs' counsel of his representation.

Under these facts we cannot conclude that the trial court abused its discretion in refusing to set aside the default judgment. Defendants were aware of the failings of their counsel and had notice of both settings and the default judgment. Their only attempts to protect themselves were phone calls to counsel in whom their faith was shaken and a belated attempt to obtain new counsel. Within its discretion the trial court could have properly concluded that defendants did not establish reasonable diligence or excuse for their default and nonappearance.

■■ Finally defendants contend that plaintiffs failed to reveal to the court at the default hearing a written agreement between the parties which would have established defendants' defense. If, for sake of argument, such failure was fraud, as defendants contend, it was intrinsic fraud. *Human Development Corp. v. Wefel,* 527 S.W.2d 652 (Mo.App.1975) [4–6]. Equity will not annul a judgment where the fraud is intrinsic, only where it was extrinsic to the subject matter of the suit as where it prevents the suitor from trial or from full

presentation of his case. *Daffin v. Daffin,* 567 S.W.2d 672 (Mo.App.1978) [5–7].

Order of the trial court affirmed.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.