William HELLWEGE and Lois
Hellwege, Respondents,

v.

James LAMB and Susan
Lamb, Appellants.

No. 52364.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1987.

William H. Leyhe, St. Louis, for appellants.

Randall S. Parker, St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

The Hellweges (plaintiffs-respondents) and the Lambs (defendants-appellants) are next door neighbors in the Parkridge Subdivision. In July 1984, appellants erected a chain link fence between their property and respondents' property. Respondents then filed suit seeking removal of the fence and damages. Respondents alleged that erecting the fence violated a Parkridge restrictive covenant and further alleged that the fence restricted respondents' use of their driveway. Appellants filed an answer, counterclaim and motion to dismiss. Appellants also filed a third party petition for indemnity against the Morganthalers (former owners of appellants' property). Various motions and requests for discovery were filed by all parties.[1]

On September 12, 1985, the trial court ordered appellants to appear for deposition within forty-five days and to produce previously requested documents. Appellants failed to appear for deposition and failed to produce the documents. Respondents filed a motion for sanctions. The hearing on the motion was held February 7, 1986, but appellants and appellants' counsel failed to appear. The trial court sustained respondents' motion and found appellants to be in default. The court ordered a permanent injunction to remove the fence, dismissed appellants' counterclaim, awarded respondents $3,800 in damages for depreciation of

---

1. We will only discuss those pleadings, motions, requests for discovery, and trial court orders that are essential to resolve appellants' claim of error.

their property, and $250 in attorney's fees incurred by plaintiffs because of defendants' failure to comply with the court order. Respondents' counsel sent notice of the default judgment directly to the appellants. Appellants assert that this notice was the first notice they had of the default. Appellants claim that they were unaware of the depositions, requests for documents, or respondents' motion for sanctions. Appellants had not heard from their attorney since April 1985.

On February 21, 1986, appellants' former counsel filed a motion to set aside the default judgment. Also on February 21, 1986, the trial court signed an order which allowed appellants' new counsel to enter his appearance and set aside the February 7, 1986, default judgment. In July 1986,[2] respondents moved to reinstate the default judgment. After hearing arguments on September 23, 1986, the trial court reinstated the default judgment. On October 22, 1986, appellants again moved to set aside the default judgment. The court overruled appellants' motion and declared the order a final judgment, appealable pursuant to Rule 81.06.[3]

■ On appeal, appellants allege that the trial court erred in reinstating the February 7, 1987, default judgment. A defendant seeking to set aside a default judgment must show that it had a meritorious defense to the action, and that the plaintiff would not suffer substantial harm by delay resulting from the default being set aside. *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 89 (Mo. banc 1983). Further, a defendant must prove that the trial court abused its discretion in refusing to set aside the default. *Id.*

In the motion to set aside filed by appellants' former counsel on February 21, 1986, appellants failed to set forth sufficient facts to require the trial court to set aside the default. Nevertheless, the trial court exercised its discretion and set aside the default. After the trial court reinstated the default judgment on September 23, 1986, appellants filed another motion to set aside.

Appellants' second motion to set aside also failed to set forth facts that would warrant setting the default aside. At the hearing on the motion, however, appellants presented evidence to support their claims of reasonable excuse, meritorious defense, and no harm to plaintiffs in delay. Appellant Susan Lamb testified that former counsel apparently abandoned her case in April 1985 and that she failed to make contact with former counsel even though she made repeated attempts from April 1985 through February 1986 (the reasonable excuse). Mrs. Lamb also testified that the restrictive covenant concerning fences was never adopted, and the neighborhood association had been inactive for years (meritorious defense). Appellants' counsel further attempted to establish that respondents would not be harmed by the delay since the fence had already been up for more than two years (no harm to plaintiff in delay). Appellants assert that this evidence required the trial court to set aside the default.

■ A defendant must be free from negligence in order to have a reasonable excuse for allowing a default judgment to occur. *Smead v. Granger*, 684 S.W.2d 573, 575 (Mo.App., S.D.1984). Negligence of counsel is imputable to client. *Sugrue v. Janssen*, 713 S.W.2d 44, 45 (Mo.App., E.D. 1986). Appellants' former counsel's apparent lack of diligence resulted in a default judgment. Further, appellants' failure to make contact with former counsel over a ten month period evinces appellants' direct negligence. From this the trial court could have determined that appellants failed to present a reasonable excuse. Appellants presented little evidence to show respondents would not be harmed by the delay.

---

**2.** On February 21, 1986, the court set aside the default judgment. Between February 21, 1986, and July 21, 1986, when the plaintiffs filed their motion to reinstate the default judgment, defendants had still not complied with the court's standing orders to comply with discovery.

**3.** It appears from the record before us that appellants' third party claim is still pending in the trial court.

A default judgment will not be set aside on appeal unless the requisite showing is so clearly apparent that the refusal to set aside is arbitrary. *Smead,* 684 S.W.2d at 575; *Williams Energy Co. v. Tracy Truck Leasing,* 562 S.W.2d 765, 767 (Mo.App., E.D.1978). Although appellants may have had a meritorious defense, they failed to clearly make the necessary showing to require the trial court to set aside the default judgment. The trial court did not abuse its discretion.

The judgment of the trial court is affirmed.

CRIST and REINHARD, JJ., concur.