**Mary E. RICE, Respondent,**

v.

**Joseph A. RICE, Appellant.**

No. 53743.

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Mary Anne Sedey, Patricia Louise Cohen, St. Louis, for appellant.

Lusser, Hughes & Lusser, Rene' E. Lusser, St. Louis, for respondent.

CRIST, Presiding Judge.

Husband appeals from the denial of his motion to set aside a dissolution decree for the alleged failure of the circuit clerk to comply with Rule 74.78. We affirm.

A review of the record discloses the following: Wife filed her petition for dissolution on October 3, 1984. Interrogatories were served on husband's lawyer on November 2, 1984. The interrogatories were not answered, and on April 4, 1985, husband's lawyer was notified wife had filed a Motion to Compel Answers to Interrogatories which was to be heard on May 14, 1985. Neither husband nor his lawyer appeared for the hearing on May 14, 1985. The trial court sustained wife's motion and

granted husband "10 addnl [sic] days to file same, failing which pleadings to be stricken." The clerk failed to notify husband or his lawyer of this order, but wife's lawyer informed husband's lawyer the Motion to Compel had been sustained and further informed her of the ten-day grant of additional time before the pleadings would be stricken for failure to comply. On June 11, 1985, wife's lawyer mailed a copy of a proposed order to husband's lawyer which provided that husband's pleadings be stricken for failure to answer wife's interrogatories. On June 12, 1985, that motion was sustained by the trial court, husband was found in default, and wife was authorized to proceed to judgment by way of a non-contested default setting.

On March 13, 1987, the marriage was dissolved. The clerk did not serve husband or his lawyer with a copy of the dissolution decree. On June 5, 1987, husband filed a Motion to Set Aside Default Judgment because the clerk failed to serve notice of the entry of the orders of May 14, 1985, and June 12, 1985, and the judgment of March 13, 1987, as required by Rule 74.78. That motion was denied by the trial court and this appeal resulted.

Husband contends in his first point on appeal that Rule 74.78 requires the order striking his pleadings and the default judgment be set aside because he was not notified of their entry.

Rule 74.78 provides:

Upon the entry of an order or judgment, the clerk shall serve notice of the entry by mail in the manner provided in Rule 43.01 upon every party affected thereby who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order of judgment. If such notice is not given, said order or judgment shall be set aside for good cause shown upon written motion filed within 6 months from the entry of the order or judgment.

■ Husband's complaint regarding the order of June 12, 1985, striking his pleadings and authorizing wife to proceed with a default judgment, is not cognizable under Rule 74.78 because his Motion to Set Aside was not filed within the six-month time limitation contained in the rule. Rule 74.-78.

■ Husband's motion was timely with regard to the default judgment entered against him on March 13, 1987. He was entitled to notice under Rule 74.78 because he was not in default for failure to appear and was not present in court in person or by attorney at the time of the entry of the judgment. *See Hammons v. Hammons,* 680 S.W.2d 409, 410[1] (Mo.App.1984). Thus, the trial court would be obligated to set aside the judgment if good cause was shown. Rule 74.78; *Hammons,* 680 S.W.2d at 411.

■ To get a default judgment set aside, a movant must show the existence of a meritorious defense and an excuse for his nonappearance. *Vetter & Assocs., Inc. v. Dimarco Corp.,* 733 S.W.2d 459, 461[3] (Mo.App.1987). A movant must be free from negligence in order to have a reasonable excuse for allowing a default judgment to occur, and the negligence of counsel is imputable to the client. *Hellwege v. Lamb,* 739 S.W.2d 594, 595[2] (Mo.App. 1987).

■ Husband requested and was granted an extension of time to file his answers to wife's interrogatories until December 24, 1984. Those answers were never filed and never objected to, nor was there any request for additional time to answer. Wife filed the Motion to Compel the Interrogatory Answers on April 4, 1985, and set the motion for hearing on May 14, 1985. Husband's lawyer admits receiving a copy of the motion and the notice of the hearing. Nevertheless, neither husband nor his attorney appeared at the hearing or gave an excuse for nonappearance. Husband's lawyer was notified that the motion was sustained but did nothing. When wife's lawyer sought to have husband's pleadings stricken for failure to comply with the court's order, a copy of the proposed order was mailed to husband's lawyer, and she admits receiving the same. Once again,

husband and his lawyer failed to respond in any way.

Under the facts of this case, husband failed to show a reasonable excuse for his nonappearance. It appears from the record that husband's own negligence or that of his lawyer created the prejudice of which he now complains thus he failed to show good cause for setting aside the default judgment. Point I is denied.

■ Husband next contends the order striking his pleadings is not sufficiently clear and specific. In support of this contention, husband cites *Hammons*, 680 S.W. 2d 409.

The order in *Hammons* found to be vague stated: "If both defendants fail to appear, Defendants' pleadings to be stricken and *appropriate orders entered.*" (underscore added). *Id.* at 411. The underscored portion of the order was found to be insufficiently specific. In this case, the trial court's order stated unequivocally that if husband failed to comply within ten days, his pleadings would be stricken. Thus *Hammons* is not controlling and we find the order sufficiently clear and specific.

■ Finally, husband contends the trial court erred in dividing assets which were not marital property, but were owned by his brother, who was not a party to the action. The court's award to wife of a one-half interest in the property is effective only against husband, who was a party to the action. Because husband's brother was not a party to this action, his claims to the property are neither adjudicated nor foreclosed by the default judgment. *See Carter v. Carter,* 616 S.W.2d 543, 546[4] (Mo. App.1981).

DOWD and REINHARD, JJ., concur.