**Janice R. LEWIS, Respondent,**

v.

**Thomas Glenn LEWIS, Appellant.**

**No. 18062.**

Missouri Court of Appeals,
Southern District,
Division One.

March 11, 1993.

Larry K. Bratvold, Springfield, for appellant.

Lisa A. Ghan, Craig F. Lowther, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for respondent.

PER CURIAM.

This is an appeal from an order of the Circuit Court of Greene County, Missouri, that denied a "Motion to Set Aside Default Judgment" in a dissolution of marriage case. Appellant's pleadings had been stricken for failure to appear for his deposition. After appellant's pleadings were stricken, the case was set for trial before the court. Respondent sent notice of the trial date to appellant by "U.S. Mail, postage prepaid." The trial court entered judgment dissolving the marriage, dividing marital property and awarding custody of the children of the marriage to respondent. Appellant was granted visitation rights and ordered to pay child support. This court affirms.

The dissolution of marriage case was filed January 25, 1991. The following is a chronology of selected procedural events:

January 28, 1991   Summons issued

February 4, 1991   Summons returned non est[1]

February 5, 1991   Alias summons issued

March 6, 1991   Alias summons returned non est[2]

April 3, 1991   Amended petition and affidavit and order of service by publication filed

April 9, 1991   Order for service by publication entered

May 3, 1991   Motion to Dismiss filed

May 6, 1991   Proof of Publication filed

July 11, 1991   Hearing on pendente lite motions—appellant did not appear and continuance that was sought on his behalf was denied—and pendente lite orders entered

July 12, 1991   Motion for Leave to Withdraw filed by appellant's attorney because of client's lack of "communication or cooperation"

October 2, 1991   Motion for Leave to Withdraw filed by appellant's attorney because of appellant's failure "to honor his agreement to compensate counsel for his services"

November 22, 1991   Appellant failed to appear for deposition scheduled by agreement

November 25, 1991   Motion for Leave to Withdraw filed by appellant's attorney because of client's lack of "communication and cooperation"

November 26, 1991   Motion for Sanctions filed seeking sanctions for appellant's failure to appear for his deposition

December 3, 1991   Leave granted for appellant's attorney to withdraw

December 11, 1991   Notice of Hearing on Motion for Sanctions filed—hearing scheduled for December 17, 1991, and copy of notice sent November 9, 1991,

---

1. Respondent testified at the evidentiary hearing on the Motion to Suppress Evidence, without objection, that the sheriff reported that appellant disconnected his telephone after the petition for dissolution of marriage was filed and that appellant refused to answer the door when personal service had been attempted. Respondent's testimony in that regard was unrefuted.

Appellant was called by his attorney to testify for a second time following respondent's testimony. He was not asked whether he had disconnected his telephone nor whether he had been present when personal service was attempted at his residence.

2. *See* n. 1 *supra.*

to appellant by "U.S. Mail, postage prepaid"

December 17, 1991 Motion for Sanctions granted. Attorneys fees of $150 awarded because appellant failed to appear for deposition; upon "renotice" for deposition, order provided for pleadings to be stricken in the event that appellant again failed to appear.

December 18, 1991 Notice to take deposition of appellant on December 31, 1991, filed; copy served on appellant by "U.S. Mail, postage prepaid"

January 2, 1992 Motion for Sanctions filed for appellant's failure to appear for deposition on December 31, 1991; Notice of Hearing filed—hearing scheduled for January 13, 1992; copy served on appellant by "U.S. Mail, postage prepaid"

January 13, 1992 Hearing on Motion for Sanctions for appellant's failure to appear for deposition; appellant did not appear; appellant's pleadings stricken for failure to appear for deposition

January 14, 1992 Notice of Hearing that cause would be heard January 27, 1992, filed; copy of notice served on appellant by "U.S. Mail, postage prepaid"

January 27, 1992 Decree entered—marriage dissolved; marital property divided; custody of children awarded; child support ordered; visitation granted

February 13, 1992 Amended Decree entered

On March 9, 1992, appellant filed the Motion to Set Aside Default Judgment that is the subject of this appeal. That motion was heard by the trial court on March 12, 1992. Both parties appeared with counsel. Appellant was represented at that time by the attorney who now represents him in this appeal. A different attorney represented appellant earlier before the trial court—the attorney who had been permitted to withdraw on December 3, 1991. Following an evidentiary hearing at which both parties to this appeal testified, the trial court denied the motion.

Appellant presents one point on appeal. He contends that the trial court erred by refusing to set aside the decree that had been entered in this case; that it abused its discretion (1) because appellant had a meritorious defense "on the property division issue"; (2) appellant failed to appear for his deposition, the basis upon which his pleadings were stricken, for good cause in that he "did not receive notice of his deposition" and respondent, "by word and deed, misled [him] into believing ... that no court action was pending ... that required his participation in January, and that the court date was set for the month of February."

The trial judge in this case notified the attorneys by letter of his decision regarding appellant's Motion to Set Aside Default Judgment. A copy of that letter is included in the supplemental legal file that is a part of the record on appeal.[3] The letter states:

I find that [appellant's] actions in this case constitute a continuing disregard for the process. This was not a simple default where an individual mishandled an individual document. [Appellant] evaded service of process, he disregarded the Motion for Temporary Allowances and two depositions. I am not convinced that he failed to receive a certain of the notices from [respondent's] attorney. [Respondent's] attorney gave him notice after his pleadings had been stricken, which is more than she was required to do.

Furthermore, I find that [appellant] received significant assets from the Decree even though he was not a participant in it.... All things considered, the Motion to Set Aside the Default Judgment is overruled and a docket entry is made this date.

---

3. The docket sheets for the trial court contain an entry dated March 12, 1992, that includes the statement, "Motion to Set Aside the Default Judgment is overruled, counsel notified by letter." This court presumes the letter by which the attorneys were notified is the letter that is included in the supplemental legal file. The record on appeal is unclear as to whether a copy of that letter is a part of the circuit court file. No objection was made before this court to the contents of respondent's supplemental file.

A default judgment may be set aside upon motion that states facts constituting a meritorious defense and for good cause shown. Rule 74.05(c). Good cause, for purposes of Rule 74.05(c), "includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." *Id.* Further, a default judgment is a matter left to the trial court's discretion and should only be set aside on appeal for an abuse of discretion. *Robson v. Willers,* 784 S.W.2d 893, 894 (Mo.App. 1990). "A default judgment will not be set aside on appeal unless the requisite showing is so clearly apparent that the refusal to set aside is arbitrary." *Id.; Hellwege v. Lamb,* 739 S.W.2d 594, 596 (Mo.App.1987). In this case, the trial court's denial of appellant's motion amounts to a determination that appellant's conduct failed to demonstrate good cause for setting aside the judgment.

The trial court's actions are reviewable under Rule 73.01. Its denial of appellant's Motion to Set Aside Default Judgment, and the basis it stated for so doing, is supported by substantial evidence and is not against the weight of the evidence. It neither erroneously declares nor applies the law. *See Sprung v. Negwer Materials, Inc.* 775 S.W.2d 97, 98–99 (Mo. banc 1989). Further opinion would have no precedential value. The order denying appellant's Motion to Set Aside Default Judgment is affirmed in compliance with Rule 84.16(b).

All concur.