Jeffrey A. and Louisa A. LIBBY, Respondents,

v.

Kent and Jane UPTEGROVE, Appellants.

No. WD 55704.

Missouri Court of Appeals, Western District.

March 30, 1999.

**132**

James F. Crews, Tipton, for appellants.

Kenneth M. Hayden, Versailles, for respondents.

Before Presiding Judge JAMES M. SMART, Jr., Judge FOREST W. HANNA and Judge LAURA DENVIR STITH.

LAURA DENVIR STITH, Judge.

Appellants, Kent and Jane Uptegrove, entered into a contract in which they agreed to sell a strip of land in Camden County, Missouri to the respondents, Jeffrey and Louisa Libby. After the Libbys performed the conditions of the contract, the Uptegroves refused to transfer the property. The Libbys filed a petition for breach of contract against the Uptegroves and sought to specifically enforce the sale.

Prior to trial, the parties negotiated a settlement agreement under which the Uptegroves agreed to sell to the Libbys the real estate at issue for the sum of $2,500 and to transfer the real estate by a warranty deed, at which point the Libbys would dismiss with prejudice their lawsuit pending against the Uptegroves. However, shortly after the Libbys deposited their payment with the court, the Uptegroves notified the Libbys that they did not intend to proceed with the terms of the settlement agreement.

On February 27, 1998, the Libbys filed a motion for specific performance of the settlement agreement. After a hearing on the motion, the court sustained the motion and ordered the Uptegroves to perform the provisions of the settlement agreement and to consummate transfer of the real estate to the Libbys by execution of a warranty deed.

The Uptegroves appeal, arguing that the trial court erred in ordering specific performance of the settlement agreement because the trustee of the deed of trust on the land in

question was not joined as a party to the underlying suit to enforce the sale of the land. The Uptegroves admit that they did not raise this issue below, but argue that the trustee was an indispensable party and that under Rule 52.04 and *Kelsey v. Nathey*, 869 S.W.2d 213 (Mo.App.1993), the failure to join an indispensable party can be raised at any time, even on appeal.

We disagree that the Uptegroves are entitled to relief. First, the argument that the trustee is an indispensable party is premised on the claim that the trustee holds title to the real estate under its deed of trust. It is well-settled under Missouri law, however, that:

> Notwithstanding that the typical deed of trust purports to be a conveyance in fee by the mortgagor to the trustee to secure a debt, and a lease back from the trustee to the mortgagor so long as he faithfully performs the covenants thereof, it is not considered to vest title in the trustee, and does nothing more than create a lien in favor of the mortgagee ... While the trustee is a proper party in a suit involving the deed of trust, she is not a necessary party.

Todd, Foreclosures of Deeds of Trust at 7–8 (3d ed.1996). *See, e.g., Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132, 138–39 (1952); *Sugrue v. Janssen*, 713 S.W.2d 44, 45 (Mo.App. 1986); *State ex rel. State Highway Comm'n v. Thelnor*, 485 S.W.2d 443, 445 (Mo.App. 1972).

The Uptegroves argue that this case is different than the cited cases because they are unsure that the trustee would consent to the sale in this case. This belief is nothing but speculation, however, and, in any event, there is nothing in the cited cases to suggest that the trustees in those cases had previously consented to the sale or that the trustee would be an indispensable party in the absence of such consent. We therefore reject the Uptegroves' claim that the trustee was indispensable to the underlying suit to enforce the contract.

We reject the Uptegroves' appeal for an even more basic reason also: this appeal is not from a judgment for the purchasers on

the underlying contract for sale. That suit was settled by the parties. The current appeal is of the trial court's judgment enforcing the settlement agreement entered into by the parties. The Uptegroves cite us to no authority stating that the trustee was an indispensable party to the settlement between them and the Libbys. To the contrary, it is a common place occurrence that less than all parties interested in the subject of a suit choose to settle their disagreements; such a settlement is not precluded by the fact that other interested persons are not parties to the settlement. In any event, by settling, the Uptegroves necessarily waived any defenses they might otherwise have had to the underlying claim, in the absence of a claim that the settlement was procured in bad faith. *See, e.g., Rapp v. Rapp,* 619 S.W.2d 788, 790 (Mo.App.1981) ("parties to a dispute have the absolute right to waive their day in court by equitably settling their differences. Freedom of contract and peaceful settlement of controversies are to be encouraged."); *Title Ins. Co. of Minn. v. Construction Escrow Service,* 675 S.W.2d 881, 888 (Mo.App.1984) (in absence of bad faith or collusion court will not interfere with settlement of colorable claim).

For all of these reasons, the judgment is affirmed.

Presiding Judge JAMES M. SMART and Judge FOREST W. HANNA, concur.