# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3348

_____

Gwen G. Caranchini

*Plaintiff - Appellant*

v.

Bank of America National Association; BAC Home Loans Servicing LP; Wilshire Credit Corporation; Mortgage Electronic Registration Systems, Inc.; MLMI 2006-HE5; John and/or Mary Does, 1-1000; Merrill Lynch, Subdivision of Bank of America; Countrywide, Subdivision of Bank of America; CITI, as trustee for MLMI2006-HE5; MERSCORP, Inc. and Mortgage Electronic Registrations Systems, Inc., *Collectively MERS); Merrill Lynch

*Defendants - Appellees*

------------------------------

Gwen G. Caranchini

*Plaintiff - Appellant*

v.

Kozeny & McCubbin, LC; MERSCORP, Inc. and Mortgage Electronic Registrations Systems, Inc., (collectively MERS); Citi Bank, N.A., as trustee for the Certificateholders of th MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE5; Bank of America, N.A., Bank of America Home Loans Servicing LP; Aegis Lending Corp.; Countrywide Lending; MLMI 2006-HE5; Wilshire Credit Services; Todd Hamby; John and/or Mary Does, 1-1000

*Defendants - Appellees*

Submitted: August 1, 2014
Filed: August 18, 2014
[Unpublished]

Before BYE, SMITH, and KELLY, Circuit Judges.

PER CURIAM.

Gwen Caranchini filed in state court two quiet-title actions, and the cases were removed and consolidated before the district court[1] ultimately granted defendants' motions for summary judgment. Caranchini appeals, challenging the orders denying her motions to remand. Following de novo review, see Block v. Toyota Motor Corp., 665 F.3d 944, 947 (8th Cir. 2011), we conclude that defendants' notice of removal in each case was timely, and was properly based on diversity jurisdiction, without considering any fraudulently joined defendant. See 28 U.S.C. § 1441 (removal of civil actions), and § 1332(a)(1) (diversity jurisdiction); Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011) (defendant not required to "glean" amount in controversy from complaint; complaint that did not explicitly state amount in controversy did not trigger running of 28 U.S.C. § 1446(b)'s 30-day deadline); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000) (post-complaint letter concerning settlement terms constituted "other paper" under § 1446(b) for purposes of notifying defendant that amount in controversy exceeded

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

jurisdictional amount and triggering running of 30-day notice-of-removal deadline); Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809-10 (8th Cir. 2003) (defining fraudulent joinder); Libby v. Uptegrove, 988 S.W.2d 131, 132-33 (Mo. Ct. App. 1999) (trustee is not necessary party to action affecting deed of trust).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____