# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1724

_____

Angela Block, as Trustee for the Next    *
of Kin of J.A., a minor, deceased, J.A.    *
a minor, by her mother and natural    *
guardian, Angela Block; Angela Block,    *
individually,    *
   *
       Plaintiffs - Appellants,    *
   *    Appeal from the United States
       v.    *    District Court for the
   *    District of Minnesota.
Toyota Motor Corporation, a Japanese    *
corporation; Toyota Motor North    *
America, Inc., a California corporation;    *
Calty Design Research, Inc.,    *
a California corporation; Toyota Motor    *
Engineering and Manufacturing North    *
America, Inc., a Kentucky corporation;    *
Toyota Motor Manufacturing,    *
Kentucky, Inc., a Kentucky corporation;    *
Toyota Motor Sales, USA, Inc., a    *
California corporation,    *
   *
       Defendants,    *
   *
Brooklyn Park Motors, Inc.,    *
a Minnesota corporation doing business    *
as Toyota City,    *
   *
       Defendant - Appellee.    *

_____

Submitted: November 16, 2011
Filed:   December 19, 2011
_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.
_____

MURPHY, Circuit Judge.

Angela Block sued Brooklyn Park Motors and several Toyota affiliates in Minnesota state court after her son was killed and her daughter seriously injured in a crash with a 1996 Toyota Camry. In her capacity as trustee and guardian and also individually, Block asserted claims of wrongful death and personal injury based on strict products liability, negligence, and fraud. After defendants removed the case to federal court, Block filed a motion to remand arguing that removal was improper since Brooklyn Park Motors is a citizen of Minnesota, the forum state. The district court[1] concluded that Brooklyn Park Motors had been fraudulently joined because Block had not asserted any reasonable basis for recovery against it, denied her motion to remand, and dismissed with prejudice all claims against Brooklyn Park Motors. Block appeals the denial of her motion to remand and the dismissal of Brooklyn Park Motors. We affirm.

I.

This case arises out of a tragic automobile accident in St. Paul, Minnesota in June 2006, which involved two of Block's children. Javis Trice-Adams was driving a car with four passengers: his son Javis Adams, his daughter Jassmine Adams,

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Quincy Adams, and Devyn Bolton. Block is the mother of both Javis and Jassmine Adams. While Trice-Adams was stopped at an intersection, a 1996 Toyota Camry driven by Koua Fong Lee hit his car from behind, pushing it into oncoming traffic. Block's complaint alleges that the accident happened after the Toyota suddenly accelerated to at least 70 miles per hour and did not decelerate even though Fong Lee applied the brakes. Trice-Adams and Javis Adams died on the scene. Devyn Bolton was rendered a quadriplegic and later died. Quincy and Jassmine Adams were severely injured but survived.

After the 2006 accident Fong Lee was arrested and convicted of criminal homicide. He had purchased the Toyota Camry that year from its first owner, who had bought it new from Brooklyn Park Motors in 1996. The car had approximately 170,000 miles on the odometer when Fong Lee purchased it. Fong Lee's conviction was eventually vacated after evidence of sudden acceleration in other Toyota vehicles was produced in post conviction proceedings.

In 2010 Block brought an action in Minnesota state court against Brooklyn Park Motors and a number of Toyota affiliated companies (Toyota defendants) asserting claims of strict products liability, negligence, res ipsa loquitur, and fraud. Block alleges that the Toyota Camry was defective because it suddenly accelerated and that the National Highway Transportation Safety Administration (NHTSA) had received "numerous complaints" about incidents of sudden acceleration in Toyota Camrys. The Toyota defendants removed to federal court. Block then moved to remand to state court arguing that removal was improper under 28 U.S.C. § 1441(b) because Brooklyn Park Motors is a citizen of Minnesota.[2] The Toyota defendants

---

[2]The parties do not dispute the district court's finding that complete diversity exists under 28 U.S.C. § 1332 since Block is the only party who is a citizen of Missouri.

argued that Brooklyn Park Motors was fraudulently joined and therefore the motion to remand should be denied.

The district court denied the motion to remand and dismissed all claims against Brooklyn Park Motors with prejudice. It concluded that Minnesota's "seller's exception statute," which allows for dismissal of strict products liability claims against sellers, applied to Block's strict liability claims. See Minn Stat. § 544.41. The court decided that the provisional nature of the dismissal under that statute did not preclude a finding of fraudulent joinder in this case. It concluded that no reasonable basis for strict liability existed against Brooklyn Park Motors since it did not have actual knowledge of the alleged defect and that there was no reasonable basis for the negligence claim which also required knowledge of the alleged defect.

Block then moved to reconsider or for entry of final judgment on the dismissal of Brooklyn Park Motors. In her motion to reconsider Block alleged that there were numerous complaints to NHTSA about sudden acceleration which showed that Brooklyn Park Motors had actual knowledge of the alleged defect, but Block did not produce any examples of such complaints. The district court denied the motion to reconsider and entered final judgment in favor of Brooklyn Park Motors. Block now appeals the denial of her motion to remand, arguing that Brooklyn Park Motors was not fraudulently joined and should not have been dismissed. At argument Block further contended that Brooklyn Park Motors should not have been dismissed with prejudice.

II.

We review de novo the district court's denial of the motion to remand. Knudson v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). A defendant may remove a case to federal court in diversity cases "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which

such action is brought." 28 U.S.C. § 1441(b). Block argues that since Brooklyn Park Motors is a citizen of Minnesota, the state in which the action was brought, removal was inappropriate and remand is required.

If there was "no reasonable basis in fact and law" for Block's claims against Brooklyn Park Motors, Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (citation omitted), joinder of Brooklyn Park Motors was "fraudulent," meaning that it was named as a party "solely to prevent removal" of the case from state court. Id. at 809. If Brooklyn Park Motors was fraudulently joined, both the district court's denial of the motion to remand and the dismissal of Brooklyn Park Motors were proper.

Fraudulent joinder does not exist where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Junk v. Terminix Int'l Co., 628 F.3d 439, 446 (8th Cir. 2010) (citation omitted). In order to establish fraudulent joinder, the defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" since "we do not focus on the artfulness of the plaintiff's pleadings." Knudson, 634 F.3d at 980. In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to "determine if there is any factual support" for the claims against the allegedly fraudulently joined defendant. See Masepohl v. Am. Tobacco Co., Inc., 974 F. Supp. 1245, 1250 (D. Minn. 1997). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Prod. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010).

Block argues that the district court erred in finding fraudulent joinder, dismissing Brooklyn Park Motors, and denying the motion to remand because there is a reasonable basis in fact and law for her strict liability and negligence claims. We address these claims separately.

## A.

Block first argues that the district court erred in finding no "reasonable basis in fact and law" for her strict liability claims against Brooklyn Park Motors. Minnesota has a "seller's exception" statute which mandates dismissal of strict liability claims against nonmanufacturers where the nonmanufacturer provides the identity of the manufacturer, unless the plaintiff shows that the nonmanufacturer falls into one of three exceptions:

> (a) that the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage;

> (b) that the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or

> (c) that the defendant created the defect in the product which caused the injury, death or damage.

Minn. Stat. § 544.41 subdiv. 3. If the plaintiff can show one of the three exceptions, dismissal is prohibited. If no exception applies, dismissal is mandatory but "[t]he plaintiff may at any time subsequent to dismissal move to vacate the order of dismissal and reinstate the . . . defendant" where it can show an inability to recover against the manufacturer. Id. subdiv. 2. The statute thus "tempers the harsh effect of strict liability as it applies to passive sellers, while ensuring that a person injured by a defective product can recover from a viable source." In re Shigellosis Litig., 647 N.W.2d 1, 6 (Minn. Ct. App. 2002).

Block contends that dismissal under § 544.41 is always provisional and thus the Minnesota seller's exception statute is never a proper basis for finding fraudulent

joinder. She states that the statute allows reinstatement of the seller "at any time subsequent to dismissal" under certain conditions, see id. subdiv. 2, and thus Brooklyn Park Motors would remain "functionally a party," precluding removal. She cites Illinois and Missouri district court cases suggesting that under similar statutes in those states the seller "remains functionally a party, susceptible of reinstatement at any time before judgment." LaRoe v. Cassens & Sons, Inc., 472 F. Supp. 2d 1041, 1053 (S.D. Ill. 2006); see Dorsey v. Sekisui Am. Corp., 79 F. Supp. 2d 1089, 1092 (E.D. Mo. 1999). She argues that there is an "obvious risk" that the Toyota defendants could go bankrupt or otherwise become unable to pay a judgment in which case Brooklyn Park Motors could be reinstated. See § 544.41 subdiv. 2(d), (e).

The district court concluded that "[w]hile a remote chance exists that a catastrophic global economic event will bankrupt all the Toyota [d]efendants, that extremely unlikely possibility does not rise above the level of the hypothetical" and thus there was no reasonable basis for a claim of strict liability against Brooklyn Park Motors merely because of the statute's reinstatement provision. Brooklyn Park Motors notes that even in the unlikely event of bankruptcy Toyota defendants carry "substantial insurance coverage," which would preclude Brooklyn Park Motors' future reinstatement under the statute.

We agree with the district court that the Minnesota statutory seller's exception does not preclude a finding of fraudulent joinder for joining Brooklyn Park Motors as a defendant in this case. The Missouri statute Block refers to is dissimilar, for it provides that a defendant dismissed under it remains a party for jurisdiction purposes. Mo. Rev. Stat. § 537.762(6). The Illinois cases rely on cases interpreting the Missouri statute. In contrast, the dismissed seller defendant does not remain a party under the Minnesota statute. That statute has also been interpreted to allow a finding of fraudulent joinder. See Masepohl, 974 F. Supp. at 1256 (denying motion to remand based on finding of fraudulent joinder). Here, Block has failed to show any reasonable basis for finding that Brooklyn Park Motors might be reinstated. See

-7-

<u>Henderson v. Ford Motor Co.</u>, 340 F. Supp. 2d 722, 727 (N.D. Miss. 2004) (dismissing car dealership where plaintiff offered no "realistic scenario" in which Ford Motor Company would be unable to satisfy a judgment and thus the dealership would be reinstated under a similar Mississippi statute).

Block also argues that the district court erred in dismissing with prejudice. She asserts that if a court dismisses a defendant with prejudice under the Minnesota seller's exception statute, that defendant cannot be reinstated under subdivision 2. The statute does not however specify that dismissal be without prejudice. Block has not explained why a defendant dismissed with prejudice under the statute could not be reinstated under subdivision 2, which expressly provides for an order of dismissal to be vacated and a defendant reinstated in certain circumstances. <u>Cf.</u> <u>Murrell</u>, 2010 WL 1050309, at *3 (implying that dismissal under statute would be with prejudice). The district court did not err in dismissing Brooklyn Park Motors with prejudice.

Block further argues that the district court erred in finding fraudulent joinder because she has established that Brooklyn Park Motors had actual knowledge of the defect, meeting one of the Minnesota statute's exceptions to mandatory dismissal of a strict liability claim against a seller.[3] § 544.41 subdiv. 3(b). The district court noted that "Block has not made any specific allegations concerning how Brooklyn Park Motors had knowledge regarding a defect in a product that it did not design or manufacture and which did not manifest itself for more than ten years after the vehicle left Brooklyn Park Motors' control." It concluded that "no reasonable basis in fact and law exists for the strict liability claims against Brooklyn Park Motors."

---

[3]Block also suggests that Brooklyn Park Motors created the defect under subdivision 3(c) because it "failed to warn of the dangerous condition . . . both before and after its initial sale." Block did not argue this before the district court, and we decline to reach it. <u>See</u> <u>Wright v. Newman</u>, 735 F.2d 1073, 1076 (8th Cir. 1984).

Block argues that the district court erred in concluding that actual knowledge was not demonstrated. She points to numerous generalized allegations of knowledge in her complaint as to all defendants jointly, such as "Defendants knew or should have known of numerous prior deaths, injuries, accidents, complaints, and claims made to Defendants involving unintended acceleration of Toyota Camrys and other substantially similar vehicles" or that they had "actual knowledge of other injuries and deaths caused by the defective and dangerous condition of the vehicle." She also alleged that "numerous complaints have been reported to the National Highway Transportation Safety Administration documenting incidents of unintended acceleration of Toyota Camry vehicles."

We agree with the district court that Block has offered no reasonable basis in fact and law to support a strict liability claim against Brooklyn Park Motors in light of the Minnesota statute. The conclusory allegations in the complaint that "the Defendants" knew of the alleged defect are insufficient to show that Brooklyn Park Motors had actual knowledge as required by § 544.41 subdiv. 3(b). Minnesota law does not impose a general post sale duty to warn. Hodder v. Goodyear Tire & Rubber Co., 426 N.W.2d 826, 833 (Minn. 1988). Thus, the relevant inquiry is whether Brooklyn Park Motors had knowledge of the alleged defect prior to the sale. Block's complaint does not allege that Brooklyn Park Motors had knowledge of the alleged defect before it sold the car in 1996, nor does she allege that Brooklyn Park Motors had any knowledge at all of a defect in the 1996 model year vehicles.

Block asks that we consider her conclusory allegations about three specific NHTSA complaints involving 1996 Toyota Camrys.[4] Only one of them was made before Brooklyn Park Motors sold the Camry. Block does not explain how Brooklyn Park Motors would have gained knowledge of a defect in the 1996 Camry merely

---

[4]It should be noted that Block has not produced the NHTSA complaints to which she refers and asks the court to rely on the assertions in her brief as to their substance.

-9-

because one isolated incident had been reported to a federal agency. Nor does Block show that the feature which allegedly caused unintended acceleration in the 1996 complaint to NHTSA existed in Fong Lee's car. As to the other two alleged complaints, both occurred after Brooklyn Park Motors' sale of Fong Lee's Camry, and it is not clear that they involved 1996 Camrys.

We conclude that there is no "reasonable basis for predicting that [Minnesota] law might impose liability based upon the facts involved." Filla, 336 F.3d at 811; see Masepohl, 974 F. Supp. at 1254 (finding fraudulent joinder in part because in light of § 544.41 plaintiff "failed to establish the possibility of a colorable strict products liability claim" against distributor despite assertion that distributor "had knowledge of the alleged defects").

Block further argues that even if she has not established a reasonable basis in fact and law for her strict liability claims in light of the Minnesota statute, the court erred by dismissing Brooklyn Park Motors before discovery. Block relies on Murrell v. Zimmer, Inc., where a seller defendant's motion to dismiss was denied on the basis of § 544.41 due to the district court's concern that dismissal before discovery might "allow a non-passive seller to escape liability" under the Minnesota statute. No. 09–757, 2010 WL 1050309, at *3 (D. Minn. Mar. 18, 2010). Murrell did not involve a motion to remand or allegations of fraudulent joinder, however; the parties there disagreed about whether the correct manufacturer had been identified so it was unclear whether a dismissal of the manufacturer under § 544.41 was available. The fraudulent joinder doctrine anticipates resolution of jurisdictional issues at an early stage after removal so that the case can be properly remanded to state court if there is no jurisdiction. We conclude that the district court did not abuse its discretion by denying the motion to remand and dismissing Brooklyn Park Motors before discovery.

B.

Finally, Block argues that the district court erred in finding no reasonable basis for her negligence claims against Brooklyn Park Motors. Block's negligence theory appears to be that Brooklyn Park Motors failed to warn consumers despite knowing of the alleged defect in the 1996 Camry. Brooklyn Park Motors would have had to have known or had reason to know of the alleged defect before it would incur any duty to warn about the alleged defect. See Frey v. Montgomery Ward & Co., Inc., 258 N.W.2d 782, 786 (Minn. 1977); Erickson v. Am. Honda Motor Co., Inc., 455 N.W.2d 74, 77 (Minn. Ct. App. 1990); Restatement (Second) of Torts § 401 (1965). Nor is there a duty to warn if the connection between the injury and the allegedly negligent act is too remote. Gorath v. Rockwell Int'l, Inc., 441 N.W.2d 128, 133 (Minn. Ct. App. 1989) (no duty to warn where the connection between the product's sale "and the accident some 9 years later was too remote to impose liability").

Block has offered no factual basis that Brooklyn Park Motors had any knowledge of, or reason to know of, the alleged defect so as to subject it to negligence liability. There was no evidence of the Camry's alleged problem with sudden acceleration until ten years had passed, and the car had been driven 170,000 miles. We conclude there is no reasonable basis for Block's negligence claim against Brooklyn Park Motors based on the facts asserted in this case and that the district court's finding of fraudulent joinder was not improper.

III.

Accordingly, we affirm the denial of the motion to remand and the dismissal of Brooklyn Park Motors with prejudice.

_____