# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2530

_____

Purnie Ray Peterson; Matthew R. Jaakola; Kristin M. Jaakola; Charles Jaakola; Hamilton E. Girard; Lori J. Girard; Bradley Verne Nelson; James P. Gillach; Debra K. Gillach; Riley L. Svihel; Harold J. Hansen; Cynthia L. Meissner; Michael Meissner; True Xiong Yang; Cha Tou Yang; Jason Appel; Cindy Welch; Sergey P. Krachenets; Laurie M. Lundeen; Michael P. Boie; Dina M. Boie; Michael W. Cross; Debbie K. Rolfing; Paula T. Viehman; Scott A. Jacobsen; Julie A. Jacobsen; Kenneth F. Northwick; Felicia Northwick; Cynthia J. DuBe; Robert M. DuBe; Simeon Wiechmann; Christine Wiechmann; Scott D. Cole; Stephanie C. Cole

*Appellants*

v.

CitiMortgage, Inc.; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; EverBank; EverHome Mortgage Company; John Wedel; Wedel Home Services, Inc.; Federal Home Loan Mortgage Corporation; Federal National Mortgage Association; Usset, Weingarden and Liebo, P.L.L.P.

*Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: January 14, 2013
Filed: January 28, 2013

_____

Before MURPHY, ARNOLD and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Approximately thirty-five mortgagors appeal from the district court's[1] dismissal of their claims against the Federal Home Loan Mortgage Corporation (FHLMC) and other financial institutions, the law firm of Usset, Weingarden & Liebo, P.L.L.P., John Wedel, and Wedel Home Services, Inc.  The mortgagors asserted twenty-one claims under Minnesota state law related to the defendants' rights to the mortgages on the mortgagors' homes.  The district court had original jurisdiction over the claims against the FHLMC under 12 U.S.C. § 1452(f), and exercised its supplemental jurisdiction over the remaining claims, *see* 28 U.S.C. § 1367(a).  After the court granted the defendants' motion to dismiss the action for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), the mortgagors appealed.  We affirm.

This is the latest in a string of substantially similar cases brought recently in Minnesota, *see Butler v. Bank of America*, 690 F.3d 959, 962 n.3 (8th Cir. 2012), and, applying *de novo* review to the district court's grant of a Rule 12(b)(6) dismissal motion, *see Cox v. Mortgage Elec. Regis. Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012), we conclude that our recent precedents require a quick rejection of most of the claims advanced in this case.  We reject the mortgagors' argument that the district court improperly dismissed their claims against the Usset law firm, *see Murphy v. Aurora Loan Servs., LLC.*, 699 F.3d 1027, 1031-32 (8th Cir. 2012), and their contention that their complaint made out a Minnesota slander-of-title action, *see Butler*, 690 F.3d at 961, 962-63.

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

The mortgagors also argue that the district court erred in dismissing their claims against the financial institutions: They assert that their complaint made out a quiet title claim under Minn. Stat. § 559.01. The Minnesota quiet title statute provides, "Any person in possession of real property ... or any other person having or claiming title to vacant or unoccupied real property, may bring an action against another who claims ... a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01. Construing a predecessor statute with virtually identical language, the Minnesota Supreme Court has held that a complaint that fails to "state, either that plaintiff was in possession, or that the land was vacant," is "demurrable, as not stating facts sufficient to constitute" a quiet title action. *Conklin v. Hinds*, 16 Minn. 457 (1871); *see Murphy v. Hinds*, 15 Minn. 182, 184 (1870). Not only did the mortgagors not plead that they were in possession of the properties, but their complaint implied that at least one of them was in fact not in possession: It alleged that one of the defendants "put" one of the mortgagors "out of her home in a forcible manner by removing her personal property," *see* Compl. ¶ 222, and "thereafter forcibly kept [the mortgagor] out of her home by changing the locks," *see id.* at ¶ 223. The mortgagors, moreover, did not plead that they "hav[e] or claim[] title to vacant or unoccupied real property." Minn. Stat. § 559.01. Therefore, the mortgagors did not make out a quiet title claim, and the district court properly dismissed their claims against the financial institutions.

The court invites the appellees to file a detailed bill of costs, fees, and damages for its consideration.

Affirmed.

_____