# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2501

_____

Jerry T. Vang; Mckenzie Y. Vang,
also known as Mckenzie Yang Vang;
Noralba Losada-Ramirez;
Ignacio Polania

*Plaintiffs - Appellants*

v.

PNC Mortgage, Inc.;
PNC Bank, National Association;
Usset, Weingarden and Liebo, P.L.L.P.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: January 14, 2013
Filed: May 22, 2013
[Unpublished]

_____

Before BYE, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jerry and Mckenzie Vang, Noralba Losada-Ramirez and Ignacio Polania (collectively, "borrowers") filed suit in Minnesota state court against the entity which now claims the right to foreclose on their respective properties, PNC Bank, National Association (PNC) and PNC's law firm and agent, Usset, Weingarden and Liebo, P.L.L.P. ("Usset"). The complaint alleged 13 causes of action, among which were quiet title, slander of title, and fraud. PNC removed to the district court[1] and moved to dismiss the complaint. Borrowers subsequently moved to remand the case to state court for lack of diversity jurisdiction. The district court granted PNC's motion to dismiss, finding that the complaint failed to meet the requirements of Federal Rules of Civil Procedure 8 and 9(b). The court denied as moot borrowers' motion for remand to state court. Borrowers argue that the district court erred in dismissing their claims and in denying their motion to remand. We affirm.

## I. *Discussion*
### A. *Fraudulent Joinder and the Denial of Borrowers' Motion to Remand*

Borrowers argue that the district court erred in failing to grant their motion to remand the case to state court. They contend that the court lacked diversity jurisdiction because Usset, a Minnesota law firm and agent for PNC, was non-diverse with respect to the borrowers.

"'We review the question of subject matter jurisdiction de novo.'" *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (quoting *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005)). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citations omitted). Nevertheless, "under the fraudulent-joinder exception, a plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (quotation and citation omitted).

Fraudulent joinder is not easily shown by the defendant or lightly found by the district court.

> Fraudulent joinder does not exist where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (citation omitted). In order to establish fraudulent joinder, the defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" since "we do not focus on the artfulness of the plaintiff's pleadings." *Knudson* [*v. Sys. Painters, Inc.*], 634 F.3d [968,] 980 [(8th Cir. 2011)]. In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to "determine if there is any factual support" for the claims against the allegedly fraudulently joined defendant. *See Masepohl v. Am. Tobacco Co., Inc.*, 974 F. Supp. 1245, 1250 (D. Minn. 1997). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

*Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011).

This appeal is one of several different matters that attorney William B. Butler has brought before this court on the basis of a "show me the note" theory.[2] In *Butler v. Bank of America, N.A.*, we noted that borrowers' counsel, "Mr. Butler[,] has fallen into a certain 'pattern'" that involves "'fraudulently join[ing] a single nondiverse defendant (typically a law firm that represented one of the lenders in foreclosure proceedings) in an attempt to block removal to federal court. The defendants generally remove the cases to federal court, and Butler then moves to remand.'" 690 F.3d 959, 963 n.3 (8th Cir. 2012) (quoting *Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 981–82 (D. Minn. 2012)). As in those cases, the borrowers here cannot defeat PNC's right of removal by joining Usset, the non-diverse law firm of PNC, as a defendant. As set forth below, the infirmities of borrowers' complaint demonstrate that there is no "reasonable basis for predicting that the state law might impose liability based upon the facts involved" in this case. *See Block*, 665 F.3d at 948 (quotation and citation omitted). Because borrowers fraudulently joined Usset, the district court properly exercised diversity jurisdiction. Consequently, the district court did not err in declining to grant borrowers' motion to remand.

B. *Dismissal of Borrowers' Claims*

Borrowers argue that the district court erred in dismissing their claims for quiet title, slander of title, and fraud. "We review *de novo* the district court's grant of a motion to dismiss an action for failure to state a claim under Rule 12(b)(6), taking the factual allegations in the complaint as true and affording the non-moving party all reasonable inferences from those allegations." *Butler*, 690 F.3d at 961 (citing *Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012)). We have previously discussed the standard that a complaint must meet in order to survive a motion to dismiss:

---

[2] *See, inter alia, Blaylock v. Wells Fargo Bank, N.A.*, 12-2607, 2013 WL 1688894 (8th Cir. Apr. 19, 2013) (unpublished per curiam); *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254 (8th Cir. 2013); *Butler v. Bank of Am., N.A.*, 690 F.3d 959 (8th Cir. 2012).

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, [556] U.S. [662], 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

A complaint states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Several principles guide us in determining whether a complaint meets this standard. First, the court must take the plaintiff's factual allegations as true. *Id.* at 1949–50. This tenet does not apply, however, to legal conclusions or "formulaic recitation of the elements of a cause of action"; such allegations may properly be set aside. *Id.* (*quoting Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. *Id.* (*quoting Twombly*, 550 U.S. at 557, 127 S. Ct. 1955;) *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

Borrowers' allegations regarding their quiet title, slander of title, and fraud claims fail to satisfy the Rule 8 pleading standards.[3] While borrowers' complaint addresses the elements of these claims, its factual allegations lack plausibility. *Id.* Borrowers' allegations are variously legal conclusions, which this court may "set aside," *id.*, abstract statements of fact, statements of fact whose relevance to the asserted claims are dubious, or else allegations based on the discredited "show me the note" theory.

In Butler, we stated that the "show me the note"

> theory is foreclosed by the plain language of Minnesota's foreclosure-by-advertisement statute, *see* Minn. Stat. § 580.02, by the Minnesota Supreme Court's decision in *Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487 (Minn. 2009), and by our decision in *Stein v. Chase Home Finance LLC*, 662 F.3d 976 (8th Cir. 2011).

690 F.3d at 962. Consequently, under Minnesota law, allegations based on a "show me the note" theory contribute nothing toward stating a claim for which relief can be granted. *See id.*

Borrowers argue that the Minnesota quiet title statute, Minnesota Statutes Annotated § 559.01,[4] creates permissive pleading standards that are in conflict with,

---

[3]Borrowers make no argument regarding the other ten causes of action in their complaint. Consequently, we deem those claims abandoned and therefore waived. "A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985) (citations omitted); *see also Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").

[4]Minnesota's quiet title statute provides:

and thus supersede, Federal Rule of Civil Procedure 8. Borrowers' argument is not persuasive. The Minnesota quiet title statute does not conflict with the federal pleading rules. The statute establishes only the *elements* of a quiet title claim and not the *manner* in which those elements must be pleaded. Thus, contrary to the borrowers' argument, it is not true that Federal Rules of Civil Procedure 8 and 12 "leav[e] no room for operation of [the Minnesota statute]." *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1451 (2010) (Stevens, J., concurring in part and concurring in the judgment) (quotation and citations omitted)."[I]n a diversity suit such as this one, '[w]e apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law.'" *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1257 (8th Cir. 2013) (second alteration in original) (quoting *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)); *see also Shady Grove*, 130 S. Ct. at 1448 (Stevens, J., concurring in part and concurring in the judgment) (stating that "[i]t is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law'" (quoting *Hanna v. Plumer,* 380 U.S. 460, 465 (1965))). In this case, Minnesota's substantive quiet title law and the federal pleading standards may operate happily side-by-side.

In addition to satisfying the Rule 8 pleading requirements, borrowers' fraud claim against Usset must also satisfy the heightened standards of Rule 9(b), which states that, "[i]n alleging fraud or mistake, a party must state with particularity the

---

Any person in possession of real property personally or through the person's tenant, or any other person having or claiming title to vacant or unoccupied real property, may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively.

Minn. Stat. Ann. § 559.01.

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "In other words, Rule 9(b) requires plaintiffs [alleging fraud] to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quotation and citation omitted). Because borrowers' fraud allegations fail to satisfy Rule 8's pleading standards, they necessarily fall short of Rule 9(b)'s heightened standard.

Consequently, the district court did not err in dismissing borrowers' claims.

## II. *Conclusion*

Because we find that the district court properly exercised its jurisdiction and properly dismissed borrowers' claims, we affirm.

_____