# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2902

_____

Kevin M. Murphy; Kathleen K. Murphy; James L. Lang; Charlene Ann Brady;
Erika R. Hogenson; Harold J. Thompson, III; Julianne Thompson; Miriam E.
Stone; Jeffrey A. Kirschbaum; Tou A. Vang; May K. Vang

*Plaintiffs - Appellants*

v.

Aurora Loan Services, LLC; Aurora Bank FSB; Mortgage Electronic Registration
Systems, Inc.; Merscorp, Inc.; Wilford & Geske, P.A.

*Defendants - Appellees*

_____

No. 12-3372

_____

Kevin M. Murphy; Kathleen K. Murphy; James L. Lang; Charlene Ann Brady;
Erika R. Hogenson; Harold J. Thompson, III; Julianne Thompson; Miriam E.
Stone; Jeffrey A. Kirschbaum; Tou A. Vang; May K. Vang

*Plaintiffs - Appellants*

v.

Aurora Loan Services, LLC; Aurora Bank FSB; Mortgage Electronic Registration
Systems, Inc.; Merscorp, Inc.; Wilford & Geske, P.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 13, 2013
Filed: July 26, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William Butler appeals the district court's[1] imposition of Rule 11 sanctions and finding of contempt of court. Butler represents a group of Minnesota homeowners (collectively, "the homeowners"), who allege the Appellees, financial entities and mortgage servicers (collectively, "the lenders"), are not authorized to foreclose upon their homes. In the underlying case, we affirmed in part the district court's decision, but reversed the dismissal of one claim and remanded the case for further proceedings. Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1034 (8th Cir. 2012), cert. denied, 133 S. Ct. 2358 (2013).

After the district court dismissed the homeowners' complaint for failure to state a claim, the homeowners appealed. While the case was still pending on appeal, the district court imposed Rule 11 sanctions against Butler in the amount of $50,000.[2]

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

[2]The Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota issued the original order imposing sanctions against Butler. Afterwards, the homeowners filed a motion with the district court objecting to the magistrate judge's order. The district court overruled the objection.

The district court found that Butler's arguments were frivolous, did not have any factual basis, and made no effort in good faith to modify existing law. Butler did not pay the sanction, and the lenders requested that the district court find that Butler was in contempt of court. The district court granted the lenders' motion for contempt, imposing a $5,000 fine payable to the court and a $2,500 sanction payable to the lenders for their additional attorneys' fees.

We issued our opinion in Murphy after the district court imposed Rule 11 sanctions and the fine for contempt of court. In Murphy, we partially reversed the district court, concluding it erred in its "wholesale dismissal" of the homeowners' quiet-title claim based upon finding that the claim was grounded upon the "show me the note" theory which was explicitly rejected in Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009). Murphy, 699 F.3d at 1033. We concluded, however, that two of the allegations which supported the homeowners' quiet-title claim were not premised on the discredited "show me the note" theory. Id. We remanded the matter to the district court for it to "address the matter in the first instance," but affirmed the dismissal of the homeowners' additional claims.[3] Id. at 1034.

Butler now appeals the imposition of Rule 11 sanctions and the contempt of court finding. We review each under an abuse of discretion standard. FTC v. Neiswonger, 580 F.3d 769, 773 (8th Cir. 2009) (contempt of court); Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1008 (8th Cir. 2006) (Rule 11 sanctions).

Butler argues that the Rule 11 sanctions were not warranted because (1) he adequately investigated the underlying factual claims and (2) the case was supported

---

[3]Since Murphy, we have held that these quiet-title claims not based on a "show me the note" theory also fail to state a claim for relief. See, e.g., Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013).

by existing law or is an attempt to modify existing law. We disagree. First, we concluded in Murphy that the majority of the homeowners' complaint was premised on the "show me the note" theory. Butler conceded at a hearing on the lenders' motion to dismiss, however, that the homeowners "had received the notes." See Mot. to Dismiss Hr'g Tr. 10, Jan. 6, 2012. Second, Butler's litigation strategy does not represent aggressive advocacy aimed at making good-faith arguments to modify existing law. When Butler filed his memorandum opposing the lenders' motion to dismiss on December 16, 2011, his frivolous arguments had been explicitly rejected by our court as well as the Minnesota Supreme Court. See Stein v. Chase Home Fin., LLC, 662 F.3d 976 (8th Cir. 2011); Jackson, 770 N.W.2d at 487. Butler did not mention Stein in the homeowners' memorandum in opposition to the lenders' motion to dismiss. And although Butler cited Jackson, he primarily argued that it did not apply because it was not a quiet-title case, and he also tirelessly refused to acknowledge that it undermined the "show me the note" theory.

"[A] judge can sanction a litigant for filing a frivolous suit or claim regardless of the motives for such filing, and in deciding whether to sanction such a litigant he can take into account a history of frivolous litigation." See Reed v. Great Lakes Cos., 330 F.3d 931, 936 (7th Cir. 2003). As the district court noted in its order dismissing the homeowners' claims, Butler had "doggedly refused to acknowledge" that the claims were "based on a legal fallacy," and continued to bring "baseless cases" that "detract and distract from serious, legitimate claims." Butler has a history of filing similar motions in other mortgage-foreclosure cases. See Butler v. Bank of Am., N.A., 690 F.3d 959, 962 n.3 (8th Cir. 2012) (outlining Butler's pattern of "mak[ing] false representations and spin[ning] out contradictory and often absurd arguments in the apparent hope that their sheer weight and number, multiplied by the number of parties and claims, will overwhelm his opponents and the court" (internal quotation marks omitted)).

The district court did not abuse its discretion when it sanctioned Butler pursuant to Rule 11. However, because of our limited remand in <u>Murphy</u>, we are hesitant to affirm the full award of Rule 11 sanctions. Therefore, we affirm the district court's sanction of Butler, but remand the matter to the district court for it to reconsider the amount of the award, recognizing it may ultimately conclude the original award is appropriate.

Finally, Butler contends that the district court's contempt order was punitive, entitling him to criminal procedure protections. A court may impose civil contempt sanctions "to compensate parties aggrieved by contumacious conduct or to coerce compliance with the court's orders." <u>Chaganti & Assocs., P.C. v. Nowotny</u>, 470 F.3d 1215, 1224 (8th Cir. 2006). In its written order finding Butler in contempt of court, the district court concluded the fine would "urge Butler into compliance" and that the fee award would reimburse the lenders. Based on a careful review of the record, we conclude Butler's arguments regarding the contempt order are without merit.

Accordingly, we remand this case to the district court for it to reconsider the amount of the sanction in light of <u>Murphy</u>, and we affirm the district court in all other respects.

_____