# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2081

_____

William B. Butler

*Plaintiff - Appellant*

v.

Federal National Mortgage Association

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: September 4, 2013
Filed: February 12, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

William Butler is an attorney who has filed more than 70 lawsuits on behalf of himself and an expanding, sometimes revolving, circle of plaintiffs seeking to invalidate residential mortgage foreclosures based on theories the federal courts have consistently rejected. This is the second lawsuit Butler has filed to forestall eviction from his home after he and his wife defaulted on their loan. The first was dismissed

for failure to state a claim, and we affirmed.[1] We also affirm the district court's dismissal in this case.

In October 2006 Butler and his wife Mary Butler signed a note promising to repay $280,000 they borrowed from Marshall & Isley Bank to buy a home in Minneapolis, Minnesota. They secured the note with a mortgage on the property held by Mortgage Electronic Registration Systems, Inc. (MERS). The note and mortgage were serviced by BAC Home Loan Servicing (BAC), an arm of Bank of America.

BAC informed the Butlers in February 2010 that they were in default on their loan and had one month to cure their default before a foreclosure on their home would commence by advertisement. The Butlers made no additional payment. In April 2010 MERS assigned the mortgage to BAC. As soon as the assignment was recorded on May 19, 2010, BAC informed the Butlers that it would be initiating foreclosure proceedings by advertisement on the mortgage. BAC then purchased the mortgage at a sheriff's sale on July 23, 2010 and assigned the property to the Federal National Mortgage Association (Fannie Mae) in a quit claim deed on September 7, 2010.

In January 2011 the Butlers filed a lawsuit in Minnesota state court against BAC, Bank of America, and their law firm, challenging the foreclosure under a previously invalidated "show me the actual note" theory. A week later, Fannie Mae commenced eviction proceedings in state court against Butler (eviction action). Bank of America then removed the Butlers' case to the federal district court, which dismissed all their claims on July 2011. The state court granted judgment for Fannie Mae in the eviction action two months later, but stayed its eviction order pending appeal.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

This court affirmed the dismissal of Butler's claims on August 27, 2012, concluding that "[u]nder Minnesota law, BAC Home Loan Servicing, as the legal and record holder title of the mortgage, could undeniably initiate foreclosure proceedings on the property upon the Butlers' failure to repay the loan, as promised in the note." Butler v. Bank of America, N.A., 690 F.3d 959, 962 (8th Cir. 2012) (citing Minn. Stat. § 580.02; Jackson v. Mortg. Electronic Registration Sys., Inc., 770 N.W.2d 487, 500 (Minn. 2009); Stein v. Chase Home Finance LLC, 662 F.3d 976, 980 (8th Cir. 2011)). On October 3, 2012, the state court granted Fannie Mae a writ of recovery in the eviction action and ordered the Butlers to vacate.

Acting alone, Butler filed this new action against Fannie Mae in state court on October 5, 2012, requesting and receiving a temporary restraining order against his family's eviction. Fannie Mae removed the case to federal court and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Butler now seeks a determination of adverse interest under Minnesota's quiet title statute, Minn. Stat. § 559.01, as well as a judgment declaring that the sheriff's sale and quit claim deed are void and that he possesses sole title to the mortgaged property. He asserts that Fannie Mae's interest in the mortgage at the time of the foreclosure invalidated both the foreclosure and the subsequent quitclaim deed from BAC. Butler's only support for this assertion is a picture from the MERS loan finder website taken on October 3, 2012, showing Fannie Mae to be an investor in Butler's mortgage.

The federal district court determined that Butler's quiet title claim was precluded by res judicata and collateral estoppel and that his claim that Fannie Mae had a preexisting interest in his mortgage was both implausible and irrelevant to his quiet title action. It granted Fannie Mae's motion, dismissed Butler's claim, and declined to grant the requested declaratory judgment. Butler appeals, and we review de novo the dismissal of a claim on the grounds of res judicata or for failure to state a claim. Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008).

-3-

Butler argues the district court erred in dismissing his claim on grounds of res judicata. A federal court sitting in diversity applies state law when determining whether a claim is barred by res judicata. C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012). Minnesota bars a plaintiff from bringing a second claim if "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter." Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). A privy is one who is "so connected with the parties [of a prior suit] in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation." Rucker v. Schmidt, 794 N.W.2d 114, 118 (Minn. 2011) (internal quotation marks omitted). Privity exists for "successors in interest to those having derivative claims." Id. Res judicata bars not only "all claims actually litigated, but . . . all claims that could have been litigated in the earlier action." Id. It is not applied if it would result in manifest injustice. AFSCME Council 96 v. Arrowhead Reg'l Corr. Bd., 356 N.W.2d 295, 299 (Minn. 1984).

Butler's first claim challenged the foreclosure of his home following his mortgage default. His current claim challenges the same foreclosure. The first claim against BAC was dismissed, and the dismissal was affirmed on the merits. Butler now sues Fannie Mae, which succeeded to BAC's interest in the mortgage after acquiring it by quitclaim deed following the foreclosure. Butler does not challenge the validity of that quitclaim deed, but argues that BAC lacked the authority to initiate the original foreclosure because of an alleged, undocumented prior assignment of the mortgage interest from BAC to Fannie Mae.

Butler tries to claim that the factual circumstances here differ from his earlier claim, but his argument is based on unsupported assertions. He first suggests that Fannie Mae's status on October 3, 2012 as an investor in his mortgage is evidence that it acquired its interest before the July 2010 foreclosure and October 2010

-4-

quitclaim deed. He asserts that the absence of any evidence of this assignment proves that it was not recorded, thus invalidating the foreclosure sale and the quitclaim deed.

Butler's repeated unsupported allegations deserve short shrift. Even if the alleged assignment had actually occurred, Butler had ample opportunity to amend his complaint or to join Fannie Mae as a party in his prior claim. Barring his asserted claim would not result in manifest injustice because Butler caused the foreclosure by defaulting on his loan. We conclude that the district court did not err in determining that Butler is barred by res judicata from raising his current claim.

Butler's baseless argument that the district court was bound under the <u>Rooker-Feldman</u> doctrine by the state grant of a temporary restraining order also deserves little discussion. A temporary restraining order is just that; it merely preserves the status quo for a short time. The district court dismissed Butler's claim both on procedural grounds and the merits, and it was not required to take the temporary order issued by a state court into account. <u>See</u> <u>Patterson v. Masem</u>, 774 F.2d 251, 254 (8th Cir. 1985). Because we conclude that res judicata bars Butler's current claim, we need not discuss any new peripheral issues he seeks to raise.

The judgment of the district court is affirmed.