# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2107

_____

Matthew Jaakola; Kristin Jaakola

*Plaintiffs - Appellants*

v.

US Bank National Trust Association, as Trustee for LSF7 NPL VII Trust;
Mortgage Electronic Registration Systems, Inc.; MERSCORP

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 17, 2014
Filed: April 3, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

This is the third time Matthew and Kristin Jaakola have been party to a lawsuit challenging foreclosure of a mortgage secured by the real property where they reside.

The district court,[1] finding res judicata applied, granted the defendants' Rule 12(b)(6) motion and dismissed the case with prejudice. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On September 26, 2005, the Jaakolas executed a promissory note, payable to The Lending Group, Inc., to purchase a residential property. The note was secured by a mortgage on the property in favor of Mortgage Electronic Registration System (MERS) as mortgagee. The Jaakolas defaulted on the note, and foreclosure proceedings commenced. The property was sold in a sheriff's sale to US Bank. The Jaakolas did not redeem the property prior to the expiration of their redemption period.

The Jaakolas and 19 other homeowners filed a lawsuit against CitiMortgage, Inc., MERSCORP, MERS, and several other defendants (Jaakola I). After the case was removed to federal court, Jaakola I was voluntarily dismissed without prejudice. The Jaakolas then joined with 33 other homeowners in filing a lawsuit against CitiMortgage, MERSCORP, MERS, and other defendants challenging foreclosures (Jaakola II). After the case was removed to federal court on August 18, 2011, the district court dismissed it with prejudice on May 30, 2012.[2] Jaakola II involved, among other claims, quiet-title claims related to the real property involved in this case. With regard to the financial-institution defendants, the district court found "[n]one of Plaintiffs' claims against the bank Defendants has any merit. Plaintiffs' Complaint therefore fails to state a claim on which relief can be granted as against the

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

[2]On October 11, 2011, an assignment of mortgage was recorded assigning the mortgage and any interest MERS had in the Jaakolas' note to US Bank.

bank Defendants." We affirmed that decision. See Peterson v. CitiMortgage, Inc., 704 F.3d 548, 550 (8th Cir. 2013).

On December 21, 2012, the Jaakolas filed the instant suit, this time against MERS, MERSCORP, and US Bank. Count I of the Complaint asked for determination of the adverse interests in the real estate, and Count II asked for a declaration regarding the validity of the assignment of mortgage, power of attorney, and sheriff's certificate of sale. After removing the case to federal court, US Bank, MERS, and MERSCORP moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. The motion was denied to allow the Jaakolas to conduct limited discovery on the issues of res judicata and power of attorney but only with the court's prior approval. The Jaakolas submitted written discovery requests, and US Bank, MERS, and MERSCORP objected. The magistrate judge[3] determined the discovery requests were overbroad and not narrowly tailored to the issues identified by the district court and ruled that US Bank, MERS, and MERSCORP were not required to respond to the requests. The district court accepted the magistrate judge's order.

US Bank, MERS, and MERSCORP then filed a second motion to dismiss, asserting the Jaakolas' claims were barred by "res judicata and collateral estoppel."[4] The Jaakolas argued that res judicata did not bar this action because US Bank's title to the property presented a claim and an issue not fully litigated in Jaakola II. The district court dismissed the Jaakolas' complaint on claim preclusion grounds, finding Jaakola II barred this suit. The Jaakolas appeal, arguing the district court erred in denying their discovery requests and in dismissing the complaint.

---

[3]The Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

[4]These doctrines are also known as "claim preclusion" and "issue preclusion." Taylor v. Sturgell, 553 U.S. 880, 892 (2008).

We review district court discovery decisions for abuse of discretion. United States ex rel. Kraxberger v. Kansas City Power and Light Co., 756 F.3d 1075, 1082 (8th Cir. 2014). "A district court has very wide discretion in handling pretrial discovery and [this court is] most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." Id. (quotation omitted) (alteration in original). The Jaakolas' discovery requests were denied because they failed to follow the procedures set forth by the district court when submitting those requests, including the requirement that "legal arguments support[] each discovery request," and because the requested discovery was not "targeted to address the limited issues allegedly requiring more discovery." The district court did not abuse its discretion in denying additional discovery.

"We review de novo the district court's grant of a motion to dismiss for failure to state a claim based on res judicata." C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 763 (8th Cir. 2012) (quotation omitted). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (footnote omitted). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. (quotation omitted). A complaint may be dismissed at the pleading stage, based on the face of the complaint, if it is apparent that claim preclusion applies. C.H. Robinson, 695 F.3d at 763–64. We have previously held that the "face of the complaint . . . include[s] public records and materials embraced by the complaint, and material[s] attached to the complaint." Id. at 764 (alterations in original) (internal quotations and citations omitted).

"For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." Taylor, 553 U.S. at 891 n.4. In Minnesota, claim preclusion "applies as an absolute bar to a subsequent

claim when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." Rucker v. Schmidt, 794 N.W.2d 114, 117 (Minn. 2011) (footnote omitted). Neither party disputes Jaakola II was a final judgment on the merits.

We agree with the district court that claim preclusion bars the Jaakolas from challenging the foreclosure of the residential property at issue here. First, Jaakola II involved the same set of factual circumstances. Both cases involve the foreclosure of the same residential property. Both cases assert theories that the foreclosure was invalid and did not comply with all statutory requirements. We conclude the first element is satisfied because this case "arises out of the same nucleus of operative facts as" Jaakola II. See Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers, 390 F.3d 1049, 1052–53 (8th Cir. 2004) (quotation omitted); see also Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004).

Second, this claim involves the same parties or their privies. "Privies to a judgment are those who are so connected with the parties in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation." Rucker, 794 N.W.2d at 118 (quotation omitted). Although US Bank was not a party in Jaakola II, it obtained its interest by assignment from MERS and as successor mortgage servicer to CitiMortgage, both of whom were parties in Jaakola II. US Bank's interests with respect to the validity of the mortgage are aligned with those of both MERS and CitiMortgage.

Third, the Jaakolas had a full and fair opportunity to litigate this matter against US Bank. The assignment giving an interest to US Bank was recorded during the Jaakola II litigation. The Jaakolas could have added US Bank as a defendant in

Jaakola II by amendment. To the extent the Jaakolas now seek to raise new legal theories against US Bank, they are foreclosed from doing so.[5] See Ashanti v. City of Golden Valley, 666 F.3d 1148, 1153–54 (8th Cir. 2012) (res judicata bars claims "'arising from the original circumstances' but 'under new legal theories'" (quoting Hauschildt, 686 N.W.2d at 837)).

      For the reasons set forth above, we affirm the judgment of the district court.

_____

---

[5]Because it found claim preclusion applied in this case, the district court declined to address the issue of issue preclusion. Because we agree the Jaakolas' claims are barred by claim preclusion, we likewise decline to address the issue.